MORRISON v. HOWARD et al.
No. 10160.

Court of Civil Appeals of Texas.

Austin.

Oct. 21, 1953.

Rehearing Denied Nov. 11, 1953.

W. G. Bedford, Winters, Bedford & Underwood, Ballinger, Paul Petty, Ballinger, for appellant.

Scarborough, Yates, Scarborough & Black by J. R. Black, Jr., Abilene, for appellees.

ARCHER, Chief Justice.

This is a suit by appellant Mrs. Kate Morrison, as plaintiff against appellees O. W. Howard et al., as defendants, for reformation of a royalty deed for mistake and in the alternative for damages for breach of warranty.

The appeal is before this Court on four points:

First Point: The error of the court in holding that appellant's claim on breach of warranty was barred by the four-year statute of limitation, Vernon's Ann. Civ. St. art. 5529.

Second Point: The error of the court in finding that there was no evidence offered as to the actual consideration paid for the royalty deed in question because such deed recites that a consideration of $800 was paid for it and such recitation is itself ample and sufficient evidence of such amount of consideration.

Third Point: The error of the court in failing to render judgment for appellant on her claim for breach of warranty against appellees for $800 plus interest thereon from date of the royalty deed to date of judgment.

The trial court in its findings of fact found that the royalty deed dated August 12, 1919, executed by T. P. Childers and Anna Childers to John Morrison, purported to convey one-half interest in the royalty in 200 acres of land off of the west side of 438 acres out of Section No. 177, in Block No. 64, Nolan County, Texas, and that such deed has been in the possession of plaintiff and John Morrison since its execution; that John Morrison conveyed the royalty interest to plaintiff in 1937. The court found that there is no ambiguity in the description of the land purported to be described in the royalty conveyance, and no evidence of a mutual mistake.

The court found that the defendants paid a substantial cash consideration of their own money for the several tracts of land, and have continued to make payments due on said land, and that the defendants did not have actual or constructive notice of the royalty deed; that there is no evidence that the grantors in the royalty deed intended to convey any royalty under any of the land now owned by the defendants, and that there is no evidence offered to show that the property described in the royalty deed was not the property which grantors intended to convey.

The court concluded as a matter of law that since there was no ambiguity in the description of the royalty deed, parole evidence was inadmissible to vary the same; that plaintiff's suit is barred by the four-year statute of limitation, and that any claim for breach of warranty was barred by the four-year statute of limitation.

The court, upon request of plaintiff, filed additional fact findings setting out the royalty deed in full, and found that there was no evidence offered as to the actual consideration paid.

The court stated that it was unable to find as a fact whether T. P. Childers owned or did not own the royalty interest conveyed to John Morrison, but found that the record title was in R. P. Snider and the Seymour heirs on August 12, 1919. A finding was made that the plaintiff made demand on R. P. Snider and the Seymour heirs in 1949 for a recognition of her title which was refused by them.

Appellees contend that appellant's cause of action is barred by the statute of limitation, and that in waiting from 1919 to 1949 to make a demand did not prevent the statute from running, for the same record owner who was in possession of the property in 1949 was in possession of the property in 1919, and that this was constructive eviction.

The judgment was that plaintiff take nothing.

We believe that appellant's claim for breach of warranty was barred by the four-year statute of limitation, and that the trial court in so holding was not in error.

In the case of Beck v. Kouri, Tex.Civ. App., 158 S.W.2d 75, error ref., the Court held that an actual physical eviction was unnecessary.

This suit was filed June 18, 1949, more than thirty years after the execution of the royalty deed in 1919, and the second amended original petition was filed on August 18, 1952. The original petition sought a judgment for the title and possession of the property. By the amended petition filed in 1952 plaintiff sought a money judgment for $800 with interest at the legal rate.

In Texas Osage Co-operative Royalty Pool v. Colwell, Tex.Civ.App., 205 S.W.2d 93, 95, error ref., n.r.e., the Court held that "Appellants endeavor to excuse themselves from the plea of limitations on the ground that they did not discover the mistake until on or about May 4, 1946, but we do not believe the law indulges in such extreme liberality. Nothing is shown which excuses appellants from discovering the alleged mistake if they had exercised ordinary care, proper diligence and inquiry under the circumstances. * * * On the contrary, appellants are charged as a matter of law with full knowledge * * * under the circumstances and limitation began to run from such a time."

The court found that the defendants received in the aggregate approximately $7,000 as heirs of Mrs. Anna Childers who died in 1948, and that Anna Childers was the sole beneficiary under the will of T. P. Childers; that the community interest of T. P. Childers passed to Mrs. Anna Childers in (a) 416 acres, more or less, located in Taylor, Nolan, and Runnels Counties, Texas, out of Surveys Nos. 171 and 179, and other property.

Even if the claim was not barred, no judgment could be rendered for appellant as prayed for, because there is no finding as to the exact amount that Mrs. May Howard, Mrs. Esther Helms, and David Childers each received, since neither O. W. Howard, F. B. Helms, or Gertie Childers as heirs at law of Mrs. Anna Childers would be liable in any event. Therefore the merits of this case could not be determined under the present state of the record, and would have to be reversed and remanded for further findings.

The judgment of the trial court is affirmed.

Affirmed.

## On Motion for Rehearing

PER CURIAM.

■ We agree with appellant that a cause of action for breach of a covenant of general warranty does not arise until there has been an eviction and that a constructive eviction will suffice. Schneider v. Lipscomb County Nat. Farm Loan Ass'n, 146 Tex. 66, 202 S.W.2d 832, 172 A.L.R. 1. We disagree with appellant as to when the eviction occurred. Her contentions are that the eviction did not occur until she demanded recognition of her title in 1949.

It is our view that eviction occurred in 1919 when the royalty deed under which appellant claims was executed, this for the reason that at such time the true owner was in possession.

The applicable law is well stated in 12 Tex.Jur. pp. 42–43, as follows:

"But the rule requiring eviction presupposes, it seems, possession by the vendee or warrantee. If the vendee has not taken possession at the time of

the conveyance, but finds the premises already in the possession of one claiming under a paramount title, the covenant of warranty is breached, and the vendee may maintain an action; possession of the holder of the superior title is treated as an assertion thereof, and the law will not compel the grantee to commit a trespass on the land in order to enable him to bring an action on the warranty."

■ Appellant would escape the effect of this settled law by relying upon the equally well established rule that "After the severance of the surface and mineral estate, the possession of the one will not ripen into a limitation title of the other,"[1] appellant saying in this regard that "For this reason [she] could not have been put upon notice before 1949 that the possession of R. P. Snider and the Seymour heirs was an assertion by them of superior title."

This reasoning fails however because there never was a severance of the surface and mineral estates. "Only an effective deed will operate to sever the mineral estate from the surface estate." Thomas v. Southwestern Settlement & Development Company, 132 Tex. p. 413, 123 S.W.2d 290, 300.

The royalty deed in issue was not an effective deed because the grantors therein had no title.

It follows that possession of the surface by the true owner in 1919 was possession also of the mineral estate thereunder. Broughton v. Humble Oil and Refining Co., Tex.Civ.App., El Paso, 105 S.W.2d 480 writ ref.; Vol. 31-A, Tex.Jur. p. 43. Thus the eviction occurred in 1919, at which time the cause of action for breach of warranty arose.

Our ruling upon the question of limitations eliminates the necessity of passing upon any other question presented.

The motion is overruled.

Motion overruled.