NO. 12-01-00327-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


EXXON CORPORATION D/B/A

EXXON COMPANY, U.S.A.,
§
 APPEAL FROM THE FOURTH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


B.R. TYRA,

APPELLEE
§
 RUSK COUNTY, TEXAS


 


OPINION


 Exxon Corporation appeals from the trial court's judgment, entered on the jury's verdict, in
favor of Appellee B.R. Tyra in Tyra's suit for injury to his land. Exxon assails the judgment in
twelve issues. Because Exxon is entitled to judgment as a matter of law, we reverse and render
judgment that Tyra take nothing.


Background

 Tyra bought some land in Rusk County in November 1973. Beginning in 1930, that land had
been subject to an oil and gas lease initiated by Humble Oil Company and later assigned to Exxon. 
Tyra complained that Exxon improperly abandoned seventeen wells on his property, leaving concrete
slabs, pumping unit foundations, and derrick corners at the sites. Also, Exxon left retaining pits and
working pits containing a mixture of oil, water and/or salt water as well as shallow flow lines and
pipelines.

 Tyra first filed suit against Exxon in April 1994 complaining of various damages. In his
second amended petition, filed February 16, 2001, Tyra dropped those claims and, for the first time,
complained that Exxon's failure to clean up his property constituted a nuisance, a trespass, and a
failure to adhere to reasonable and prudent operation by using more of Tyra's surface acreage than
was reasonably necessary. The jury found that Exxon created a nuisance, the damage was a
temporary injury, and that Tyra knew of the injury at the time he bought the land. It awarded Tyra
$30,000.00 in damages.


Standing

 In its first issue, Exxon asserts that Tyra does not have standing to sue because his claims are
based on alleged damage that occurred before he bought the land. Further, the previous owner did
not assign to Tyra any claim for surface damages.

 Paragraph two of the 1930 lease states that the lease is to be in effect for a term of five years
and as long thereafter as oil, gas, or other minerals are produced on the land identified in the lease. 
Between the years 1951 and 1968, Exxon plugged and abandoned sixteen wells on the land
purchased by Tyra in 1973. These wells were in this condition, plugged and abandoned, when Tyra
bought the land. It is undisputed that by 1968 there was no oil or gas production from the wells on
Tyra's property. Therefore, the 1930 lease was, by its own terms, no longer in effect at the time Tyra
bought the land. Under these facts, the injury to the property, as it involves these sixteen wells,
occurred prior to Tyra's purchase. The jury specifically found that Tyra knew of the injury to the
land at the time he purchased it. Further, Tyra's deed contains no assignment of any cause of action. 

 Only the person whose primary legal right has been breached may seek redress for an injury. 
Nobles v. Marcus, 533 S.W.2d 923, 927 (Tex. 1976). Accordingly, we conclude that Tyra lacked
standing to assert a cause of action against Exxon for injury to the property based on these sixteen
wells. See Exxon v. Pluff, 94 S.W.3d 22, 27-28 (Tex. App.-Tyler 2002, pet. denied). Moreover,
because Exxon had abandoned these wells and failed to remove its property within a reasonable time,
the remaining equipment and structures became the surface owner's property. Terry v. Crosswy, 264
S.W. 718, 720 (Tex. Civ. App.-Beaumont 1924, no writ). The evidence is conclusive regarding
these sixteen wells, and Exxon is entitled to judgment as a matter of law on Tyra's complaints about
these wells. Therefore, Exxon's motion for judgment notwithstanding the verdict should have been
granted to the extent it applies to Tyra's complaints involving these sixteen wells. See Mancorp,
Inc. v. Culpepper, 802 S.W.2d 226, 227-28 (Tex. 1990) (A judgment notwithstanding the verdict
should be granted when the evidence is conclusive and one party is entitled to judgment as a matter
of law.). We sustain Exxon's first issue to the extent it addresses these sixteen wells.

 By the terms of a 1956 agreement, well number twelve was designated as a key well for the 
purpose of measuring and observing the bottom hole pressure in the area. It was to be used for that
purpose during the producing life of any part of what is known as the East Texas Oil Field. This
agreement specifically stated that the oil company cannot produce oil, gas, or other minerals from
this well. This agreement also gave the oil company the "right to sever from the realty to which
affixed, and remove all of the personal property now on said premises and in said well and
subsequently placed thereon by it during the term of this lease, within 60 days after the termination
of this agreement." Well number twelve was in use on Tyra's property for the stated purpose until
1990 when he requested that Exxon plug that well.

 Exxon's standing argument applies to Tyra's claim for surface damages. This complaint is
moot with regard to Tyra's complaint about well number twelve because, as we shall explain below,
Tyra's complaint sounds in contract, not tort. Because the 1956 agreement was still in effect and
well number twelve was in use at the time Tyra bought the property, he bought the land subject to
the 1956 agreement. See Humble Oil & Refining Co. v. L. & G. Oil Co., 259 S.W.2d 933, 938
(Tex. Civ. App.-Austin 1953, writ ref'd n.r.e.) (The owner of the surface estate has possession
subject to the use of the surface by the lessee for the purpose of the mineral grant.). Therefore, he
is bound by its terms. Exxon did not question Tyra's standing to bring a cause of action for breach
of contract. The evidence does not show that Exxon is entitled to judgment as a matter of law with
regard to complaints involving well number twelve based on Tyra's lack of standing. See Mancorp,
Inc., 802 S.W.2d at 227-28. We overrule Exxon's first issue to the extent it pertains to well number
twelve.


Liability

 In its second issue, Exxon asserts that it has no obligation to Tyra to clean up the property. 
It argues there can be no tort liability because this is a contract case and there is no contractual duty
under the lease requiring it to restore the property.

 Tyra complained in his petition that Exxon improperly abandoned the well sites leaving
behind concrete slabs, pumping unit foundations, derrick corners, and exposed retaining pits and
working pits. He asserted that by doing so Exxon was negligent, created a nuisance, trespassed on
his property, and "failed to adhere to reasonable and prudent operation and used more of Plaintiff's
surface acreage than was reasonably necessary." 

 The jury found that Exxon did create a nuisance but did not trespass on Tyra's land and did
not use more of the surface of the land than it was entitled to use while exploring for and/or
producing oil and/or gas. It also found that Exxon's negligence, if any, did not proximately cause
damage to the land. The jury answered "no" to the following question: "Did Exxon fail to meet its
obligation to remove its oilfield equipment and other property from the Land after it stopped
exploring for and/or producing oil and gas on the Land?"

 Tyra won only on his nuisance theory. In a case with similar facts, we determined that the
gist of the cause of action was breach of contract. See OXY USA, Inc. v. Cook, No. 12-02-00027-CV (Tex. App.-Tyler June 30, 2003, no pet. h.). We reach the same conclusion here. Exxon was
on the land by virtue of the 1930 lease and the 1956 agreement. Exxon properly placed structures
on the land and used them in conformity with those contracts. In essence, Tyra merely complains
that Exxon did not exercise its contractual right to remove the structures. Because Tyra's cause of
action depends entirely on the contracts to establish a duty, we conclude the action is one for breach
of contract only. See Southwestern Bell Tel. Co. v. DeLanney, 809 S.W.2d 493, 496 (Tex. 1991)
(Gonzalez, J., concurring); OXY USA, Inc., No. 12-02-00027-CV, slip op. at 5. In considering the
question of contractual liability, the jury found that Exxon did not fail to meet its obligation to
remove its property after it stopped exploration and production. Tyra has not challenged this finding
on appeal. Therefore, it is binding. Id.; Lawson v. Lawson, 828 S.W.2d 158, 160 (Tex.
App.-Texarkana 1992, writ denied). Because Tyra's claim was one for breach of contract rather than
nuisance, the trial court erred in denying Exxon's motion for judgment notwithstanding the verdict. 
We sustain Exxon's second issue to the extent it asserts Exxon has no contractual liability to Tyra.


Conclusion

 Tyra has standing to complain about the condition of his land where well number twelve is
located. However, he has raised a contract claim, not a nuisance claim. Therefore, because the jury
found in Tyra's favor only on his nuisance claim, the judgment cannot stand and Exxon is entitled
to judgment as a matter of law. Because of our disposition of the portion of issue two discussed
above, we need not address the remainder of Exxon's issues. See Tex. R. App. P. 47.1. We reverse
the trial court's judgment and render judgment that Tyra take nothing against Exxon. 




 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered June 30, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.






























(PUBLISH)