George SOLARES, Appellant/Cross–Appellee

v.

Alicia SOLARES, Appellee/Cross–Appellant

v.

Jack D. Rushing and George Solares, William Hudson, and Jack Rushing, a Texas General Partnership, Cross–Appellees.

No. 05–06–00376–CV.

Court of Appeals of Texas, Dallas.

Aug. 28, 2007.

874

Jeffrey W. Hellberg, Jeffrey W. Hellberg, Jr., P.C., Dallas, Christopher M. Weil, Weil, Weil & Petrocchi, P.C., Dallas, for appellants.

William Chu, The Law Offices of William Chu, Addison, for appellee.

Before Justices MOSELEY, O'NEILL, and MAZZANT.

## OPINION

Opinion by Justice O'NEILL.

Alicia Solares (Alicia) sued her former husband George Solares (George), Jack D. Rushing (Rushing), and "George Solares, William Hudson, and Jack Rushing, A Texas General Partnership" (Partnership), for breach of warranty of title. She also sued for fraud against George, for conversion against Rushing, and sought declaratory relief. George appeals a judgment on a jury verdict for Alicia, arguing in three issues that (i) her claims were barred by limitations and she waived the discovery rule by not pleading it; (ii) the trial court lacked jurisdiction under TEX. FAM.CODE § 9.001(a); and (iii) a judgment for fraud is barred as a matter of law because George owed no duty to disclose and because the fraud claim sounds only in breach of contract or warranty of title, or alternatively yields a double recovery of damages requiring an election of remedies. Alicia appeals the portion of the judgment denying her request for declaratory relief and appeals the trial court's order granting a directed verdict for Rushing on her conversion claim. We affirm in part and reverse and render in part.

### BACKGROUND

In a June, 1998 mediated settlement agreement between George and Alicia in their divorce (Divorce Settlement), George agreed to convey his half-interest in certain realty (Property). George and Alicia were both represented by counsel. The

Divorce Settlement was announced to the divorce court in September, 1998 and incorporated into the final divorce decree signed in December, 1998. George apparently operated his law practice at the Property and retained the assets of the practice and the right to occupy the Property through August, 1998. On November 3, 1998, George executed a warranty deed (Deed) conveying the entire Property. The Deed recited that

> Grantor's heirs, executors, administrators and successors are hereby bound to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof. . . .

George later claimed he did not own the Property but that it was held in the name of a partnership in which he and Rushing were partners. Alicia sued George, Rushing, and the Partnership on November 8, 2002, more than four years after George executed the Deed.

Alicia's petition raised issues on the Property's true ownership and she sued:

- George for breach of the Deed's warranty of title;
- George for fraud based on the "special relationship" between husband and wife;
- Rushing for conversion of mortgage- and tax-related payments she claimed she made on the Property; and
- For "declaration as to the rights of the parties in the Subject Property and/or in [the Partnership] is/was a Texas general partnership [sic]." [1]

At the conclusion of Alicia's case-in-chief, the court granted Rushing's motion for directed verdict on Alicia's conversion claim. That was based on a stipulation on the record by Rushing and the Partnership to make her whole, in the event she did not ultimately recover the Property, by crediting her for any mortgage- and tax-related payments she made, eliminating her claim for damages. She did not challenge that stipulation and the court discharged Rushing.

The court further ruled Alicia's declaratory relief claims should be decided by the court rather than a jury and set them for a separate bench trial. The record does not show that Alicia objected to the court's taking of her declaratory relief claims from the jury. At the charge conference she announced she had no objections to the charge and the record does not show she requested any additional jury submissions on her declaratory relief claims.

Also at the conclusion of Alicia's case-in-chief, George moved for directed verdict arguing that her breach of warranty of title claim brought on November 8, 2002 was barred by four-year limitations. He argued the claim accrued on November 3, 1998, the date of the Deed's execution, because she was then on notice of a claim by Rushing of superior title. The court denied the motion.

In the charge, the jury was asked by what date in the exercise of reasonable diligence Alicia should have discovered breach of the Deed and answered July 29, 1999. There is evidence that this was when the Deed was recorded and returned to her. The record shows no objection by George to testimony adduced on this jury issue and no objection to its submission.

The jury ultimately found George failed

---

1. The parties assert no issues on Alicia's conspiracy, constructive trust, and accounting claims, or on the jury's failure to award damages for breach of fiduciary duty.

to comply with the Deed,[2] awarding Alicia $200,000; and found George committed fraud, awarding Alicia $350,000. The trial court entered judgment for all damages awarded.

At the later bench trial on Alicia's declaratory relief claims, George, Rushing, and the Partnership objected to proceeding without a jury, which the court overruled. The record does not show that Alicia herself demanded a jury or objected to proceeding without one. She participated in the bench trial, took testimony, and on resting stated she would stand on evidence presented at the earlier jury trial. The court's final judgment ordered that Alicia "take nothing on her declaratory judgment causes of action" because she failed to obtain any jury findings on the disputed facts.

## DISCUSSION

### *Jurisdiction*

■ We first address George's second issue that the trial court lacked jurisdiction. Our review of this issue of law is *de novo. Ben Bolt–Palito Blanco Consol. Indep. School Dist. v. Tex. Political Subdivs. Prop./Cas. Joint Self–Ins. Fund,* 212 S.W.3d 320, 323 (Tex.2006). George objected in the trial court to its jurisdiction based on TEX. FAM.CODE ANN. § 9.001(a) (Vernon 2006), which provides:

A party affected by a decree of divorce or annulment providing for a division of property as provided by Chapter 7 may request enforcement of that decree by filing a suit to enforce as provided by this chapter in the court that rendered the decree.

Citing no authority, George argues this provision vests the court in which George and Alicia's divorce decree was entered with exclusive jurisdiction over Alicia's claims in this suit. Specifically, George argues the divorce court's jurisdiction was exclusive because Alicia's suit seeks to enforce representations made during the divorce proceedings and to enforce the Deed that George was ordered to execute before entry of the final decree of divorce. George also argues the divorce court had exclusive jurisdiction because Alicia's suit seeks a declaration of the parties' rights under documents signed under the divorce court's orders.

George's position is unfounded. Alicia sued for damages for common law fraud and conversion. She sued for damages on a warranty of title in a Deed conveying real estate, a legal instrument distinct from the divorce decree and subject to laws governing conveyances of realty. She sued for a declaration of rights to a tract of real property and whether a partnership existed under Texas law. Her suit is not one to enforce or clarify the divorce decree. We overrule George's second issue.

### *Breach of Warranty of Title*

■ Under his first issue, George argues the trial court improperly denied him a directed verdict on limitations on Alicia's breach of warranty of title claim. An appeal from the denial of a motion for directed verdict is in essence a challenge to the legal sufficiency of the evidence. *Lochinvar Corp. v. Meyers,* 930 S.W.2d 182, 187 (Tex.App.-Dallas 1996, no writ). George bore the initial burden of pleading, proving, and securing findings to sustain his affirmative defense of limitations. *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex.1988). A legal sufficiency evidentiary challenge on an issue on which an appellant bears the burden of proof requires that the appellant demonstrate the evidence conclusively established all

---

**2.** At trial, George admitted the warranty of title was breached.

vital facts to support the issue. *Lochinvar Corp. v. Meyers,* 930 S.W.2d 182, 188 (Tex. App.-Dallas 1996, no writ). Evidence is conclusive "only if reasonable people could not differ in their conclusions, a matter that depends on the facts of each case." *City of Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex.2005).

■ The parties agree that the governing limitations period is four years. *Morrison v. Howard,* 261 S.W.2d 910, 912 (Tex.Civ.App.-Austin 1953, writ ref'd n.r.e.); *see also* Tex. Civ. Prac. & Rem.Code § 16.051 (residual limitations period where there is no express statute). A claim for breach of warranty of title accrues and limitations begins running on the date of the breach. *Schneider v. Lipscomb County Nat'l Farm Loan Ass'n,* 196 S.W.2d 954, 957 (Tex.Civ.App.-Amarillo 1946), *rev'd on other grounds,* 146 Tex. 66, 202 S.W.2d 832, 834 (1947).

■ A claim for breach of a grantor's covenant to warrant title "does not arise until there has been an eviction," which may include "constructive eviction." *Schneider v. Lipscomb County Nat'l Farm Loan Ass'n,* 146 Tex. 66, 202 S.W.2d 832, 834 (1947). Constructive eviction has two elements, requiring the grantee-covenantee suing for breach of the covenant to prove that: (i) "paramount title has been positively asserted against the covenantee," which "in fact is paramount" and (ii) the covenantee has "yielded to [the assertion] by surrendering possession or by purchasing the title." *Id.* When constructively evicted, the grantee may surrender the land to the superior titleholder and resort to recovering on the warranty. *Id.* at 835. An extension of the above rule is that when the true owner is in possession at the time of the conveyance and the grantee is not, and at that time the grantee "finds the premises already in the possession of one claiming under a paramount title, the covenant of warranty is breached, and the [grantee] may maintain an action...." *Morrison v. Howard,* 261 S.W.2d 910, 912–13 (Tex.Civ.App.-Austin 1953, writ ref'd n.r.e.) (on reh'g per curiam) (citation omitted).

■ George argues the evidence conclusively proves as a matter of law that Alicia's claim accrued and limitations began running on the Deed's execution date, November 3, 1998, barring Alicia's suit filed on November 8, 2002. Applying *Morrison,* that position required him to conclusively prove that Alicia then found the Property in the possession of one claiming under superior title. We conclude he did not.

George relies exclusively on testimony that Rushing denied Alicia access or keys to the Property and that she and Rushing had a "controversy or disagreement" over the Property's ownership—*before* the Deed's execution date. We fail to see the relevance of that evidence. Testimony on a dispute over ownership or possessory rights before property is actually deeded is no evidence of a positive assertion of title that will be paramount when it is deeded. For example, it says nothing about any steps taken or not taken to secure or clear title by the Deed's execution date. The June, 1998 Divorce Settlement requires the parties to execute all necessary instruments on real properties owned by the parties to effectuate the settlement on or before entry of the divorce decree, which was not signed until December 22, 1998.

There is evidence controverting George's position that Rushing was positively asserting superior title on November 3, 1998. Rushing testified George told him after the Divorce Settlement that George had relinquished his interest in the Property to Alicia. He further testified he was not surprised by her asserted claim of

interest. Before the Deed's execution date, he allowed her onsite to inspect the Property to plan improvements, leasing, or selling it. However, he testified he did not form an opinion on the character of her interest because of his relationship as a partner with George. He testified he did not and could not take a definite position or act on any claim she had until he saw a copy of the final divorce decree, which the record shows was not delivered to him until February, 1999, along with a copy of the Deed itself. He wrote Alicia before the Deed's execution date recognizing that she would receive an interest in the Property under the Divorce Settlement but noted the divorce was not finalized and that he would need to see documents establishing her interest before agreeing to selling the Property. The divorce decree's "Execution of Instruments/Transfer of Property" provision requires the parties to execute all instruments necessary to effectuate it.

In January, 1999, Rushing wrote Alicia's attorney requesting Alicia's commitment to a sales price for the Property, which is some evidence that he recognized her ownership interest. Alicia testified she believed the Deed was valid and believed she owned the Property after the Deed's execution. She testified she made payments on the Property that were accepted.

Under the controlling standard of review, we conclude George did not conclusively establish his limitations affirmative defense as a matter of law, warranting denial of a directed verdict.

■ George's alternative limitations argument on appeal is that the trial court improperly denied him a directed verdict because Alicia waived the discovery rule by not pleading it. *See Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 518 (Tex. 1988). The jury answering Question No. 8 found that Alicia should have discovered the Deed's warranty was breached by July 29, 1999. The "discovery rule" generally delays a claim's accrual for limitations purposes until the time a plaintiff discovers, or through reasonable care and diligence should discover, the nature of his injury. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990).

■ George's appeal does not specifically attack this jury finding. Jury findings not challenged on appeal are binding. *Exxon Corp. v. Tyra,* 127 S.W.3d 12, 16 (Tex.App.-Tyler 2003, pet. denied). Employing a July 29, 1999 accrual date would make Alicia's November 8, 1998 suit timely for limitations purposes. The record does not show George objected to the trial evidence adduced on the discovery issue or objected to submitting Question No. 8 to the jury. Thus, the issue was tried by consent. *See* Tex.R. Civ. P. 67; *Johnson v. Structured Asset Services, LLC,* 148 S.W.3d 711, 719 (Tex.App.-Dallas 2004, no pet.).

We overrule George's first issue.

### Fraud

■ Under his third issue, George argues that a judgment for fraud is barred as a matter of law because George owed no duty to Alicia to disclose the Property's true ownership. Alicia's brief acknowledges that her fraud claim is based on non-disclosure during the divorce proceedings that the Property was owned by a partnership and not George individually. She claimed George owed a duty to disclose based on the parties' "special relationship" of husband and wife. The trial court's judgment recites that Alicia's fraud claim arises in the context of George and Alicia's "continuing intimate relationship" during their divorce proceedings and thereafter and George's continuing advice to Alicia during that time. We review the

trial court's legal conclusions *de novo*, independently evaluating them for correctness in drawing them from the facts. *Hackenjos v. Hackenjos*, 204 S.W.3d 906, 908 (Tex.App.-Dallas 2006, no pet.).

■ In the trial court, George filed a motion to modify the judgment to vacate the award of damages for fraud, which was overruled by operation of law. *See* TEX.R. CIV. P. 329b(c). Motions to modify preserve error for appellate review of an erroneous damage award in a judgment. *Harmon v. 1401 Elm Street Condominium Ass'n*, 139 S.W.3d 411, 416–17 (Tex.App.-Dallas 2004, no pet.). George argued that any special duty George owed arising from his marital relationship with Alicia terminated as a matter of law in the parties' contested divorce in which both were independently represented by counsel. We agree.

■ A fiduciary duty exists between spouses. *Toles v. Toles*, 113 S.W.3d 899, 916 (Tex.App.-Dallas 2003, no pet.). A fiduciary "occupies a position of peculiar confidence towards another" and owes a duty of full disclosure. *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509, 512–13 (Tex.1942). But in a contested divorce where each spouse is independently represented by counsel, the fiduciary relationship terminates. *Toles*, 113 S.W.3d at 916. We held in *Toles* that spouses independently represented in contested divorces do not owe duties "in the conduct of those proceedings" that would support a constructive fraud claim, which we noted was a claim referable to breach of a duty violating a fiduciary relationship. *Id.* at 916–17.

There is no dispute that George and Alicia's divorce was contested, that their interests were competing, and that they were independently represented by counsel. Their Divorce Settlement acknowledges that Alicia entered into it with advice and consent of her counsel, and other professionals, freely, voluntarily, and without duress. Alicia also acknowledged thorough review of the Divorce Settlement and modification as necessary to conform to the parties' agreement.

■ Generally, there is no duty to disclose and no liability for non-disclosure absent a confidential or fiduciary relationship. *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 674 (Tex.1998). Failing to disclose information is not fraudulent unless one has an affirmative duty to disclose, as in a confidential or fiduciary relationship. *Tempo Tamers, Inc. v. Crow–Houston Four, Ltd.*, 715 S.W.2d 658, 669 (Tex.App.-Dallas 1986, writ ref'd n.r.e.). Parties contracting at arm's length generally have a duty of ordinary care to protect their own interests and are charged with knowledge reasonable prudence would have led them to discover. *Barfield v. Howard M. Smith Co.*, 426 S.W.2d 834, 840 (Tex.1968). Alicia does not allege, argue, or adduce evidence that she was prevented by fraud or other misconduct from an ability to independently investigate public records or conduct discovery.

Alicia alternatively relies on a fiduciary duty based on a "relationship of trust and confidence" outside of a fiduciary duty based on the marital relationship. She also cites evidence that George continued to provide her with post-divorce advice, which the trial court concluded supported the existence of a continuing duty. In its answers to Question Nos. 3–4, the jury found a relationship of trust and confidence existed and that George breached his fiduciary duty to Alicia arising from that relationship. But in Question No. 4, the jury found no damages for the breach, which Alicia does not challenge.

For the foregoing reasons, the judgment awarding fraud damages is barred as a

matter of law. In light of that conclusion, we need not reach George's alternate arguments that the fraud claim is barred by limitations and because it sounds only in contract or breach of warranty of title and yields a double recovery of damages requiring an election of remedies. We sustain George's third issue.

We now turn to Alicia's issues.

### Right to Jury Trial on Declaratory Relief

■■ The trial court's final judgment decreed that Alicia take nothing on all her declaratory relief claims against all defendants because she "failed to obtain any jury issues on the disputed facts relating to the declaratory judgment." Alicia appeals that portion of the judgment, arguing in her Issue Nos. 1 and 2 that (i) she was "prevented" from submitting any jury questions on those claims and (ii) the trial court improperly denied George's objection to proceeding without a jury at the declaratory judgment bench trial, held months after the jury trial concluded.

During the jury trial on Alicia's damage claims, the court ruled her declaratory relief claims were to be decided by the court and not submitted to the jury. Nothing in the record shows she objected to that ruling. At the jury trial's conclusion, no issues on her declaratory relief claims were submitted to the jury and the record does not show she tendered any. Instead, she formally announced to the court that she had no objections to the charge. There is nothing in the record explaining how she was "prevented" from tendering jury questions in writing in substantially correct form on her declaratory relief claims as our rules require. *See* Tex.R. Civ. P. 278.

The court later set Alicia's declaratory relief claims for a bench trial. Nothing in the record shows she ever objected to proceeding without a jury or demanded one, either when the case was set for a bench trial or when the bench trial was actually convened. Instead, she participated in the bench trial. She announced to the court when resting that she would stand on evidence presented at the earlier jury trial.

Under this record, regardless of the correctness of the trial court's ruling taking her declaratory judgment claims from the jury, Alicia waived her right to a jury trial and to complain of its absence on appeal. *Sunwest Reliance Acquisitions Group, Inc. v. Provident Nat'l Assurance Co.,* 875 S.W.2d 385, 387–88 (Tex.App.-Dallas 1993, no writ) (party may waive a jury by inaction and must "act affirmatively in order to preserve the right to complain on appeal that it was denied its perfected right to a trial by jury" and must "either object on the record . . . or indicate affirmatively . . . it intends to stand on its perfected right"). *See also* Tex.R.App. P. 33.1(a). Alicia's argument that there was no waiver simply because the trial court adversely ruled that she was not entitled to a jury ignores our well settled rules on preserving complaints of error for appeal.

■■ Alicia relies on George's trial objection to proceeding without a jury and argues on appeal that the court improperly denied it. This position is also untenable. First, the record does not show that Alicia joined in or adopted George's objection until well after the declaratory judgment bench trial concluded; we do not believe our jurisprudence requiring affirmative action to preserve a right to a jury trial authorizes a litigant to rely on appeal on an opponent's objection. *See Sunwest,* 875 S.W.2d at 388 ("when one party has perfected the right to a jury trial, any other party waives the benefit of the perfected right by failing to object to the case being withdrawn from the jury docket."). Second, any error is harmless because Alicia

had already waived her declaratory relief claims at the earlier jury trial by failing to tender appropriate jury questions for submission. TEX.R. CIV. P. 279; *Howell v. Homecraft Land Dev., Inc.,* 749 S.W.2d 103, 113 (Tex.App.-Dallas 1987, writ denied).

We overrule Issue Nos. 1 and 2.

### *Conversion*

 Under her Issue No. 3, Alicia argues the trial court erred in granting Rushing's motion for directed verdict on her conversion claim. We review grant of a directed verdict under well known standards governing legal sufficiency of the evidence. *See Byrd v. Delasancha,* 195 S.W.3d 834, 836–37 (Tex.App.-Dallas 2006, no pet.). A directed verdict is proper if there is no probative evidence raising a material fact dispute on a claim. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.,* 29 S.W.3d 74, 77 (Tex.2000).

Actual damage is an essential element of a conversion claim. *United Mobile Networks, L.P. v. Deaton,* 939 S.W.2d 146, 147 (Tex.1997) (per curiam). Here, Rushing and the Partnership stipulated in open court that they would make Alicia whole by returning all tax- and mortgage-related payments she made on the Property, the basis of her conversion claim, if she were ultimately unsuccessful in recovering the Property. Alicia raised no challenge to that stipulation in the trial court and does not challenge it here. A stipulation is a binding contract between the parties and the court, serves as proof on an issue that would otherwise be tried, is conclusive on the issue addressed, and estops the parties from claiming to the contrary. *Houston Lighting & Power Co. v. City of Wharton,* 101 S.W.3d 633, 641 (Tex.App.-Hous. [1st Dist.] 2003, pet. denied). The trial court properly granted a directed verdict for lack of evidence of actual damage. We overrule Issue No. 3.

### *Attorneys' Fees for Frivolous Appeal*

Rushing and the Partnership seek an award of attorneys' fees from Alicia, asserting her appeal is frivolous. Under TEX.R.APP. P. 45, we may award "just damages" to a prevailing party in an appeal if we determine it is frivolous after considering the record, briefs, or other papers filed. Recovery is authorized if an appeal is objectively frivolous and injures an appellee. *In re A.W.P.,* 200 S.W.3d 242, 245 (Tex.App.-Dallas 2006, no pet.). An appeal is frivolous if when it is brought there were no reasonable grounds to believe the judgment would be reversed or when it is pursued in bad faith. *Id.* On review of the record and briefs, we decline to find Alicia's appeal frivolous.

### CONCLUSION

In light of the foregoing, we reverse the trial court's judgment and damage award on Alicia's fraud claim and render judgment that she take nothing on that claim. We affirm the judgment in all other respects. We deny Rushing and the Partnership's request for damages for a frivolous appeal.