# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00458-CV

**Tami Fabian, Appellant**

**v.**

**Paul Swartz d/b/a Poor Paul's Paving, Appellee**

## FROM COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 07-0838-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tami Fabian brings this pro se appeal of the county court's take-nothing judgment following a bench trial in her suit against Paul Swartz d/b/a Poor Paul's Paving for claims under the Texas Deceptive Trade Practices Act ("DTPA").[1]  We will affirm the judgment.

### Background

Fabian brought suit under the DTPA against Swartz for damages resulting from Swartz's alleged misrepresentations related to the repaving of Fabian's driveway.  According to the testimony at trial, Fabian contacted Swartz's company seeking an estimate for the cost of installing

---

[1] Fabian and Swartz have represented themselves during the course of this litigation and appeal. A litigant who chooses to proceed pro se must comply with the procedural rules and is held to the same standards applied to attorneys.  *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Chandler v. Chandler*, 991 S.W.2d 367, 378-79 (Tex. App.—El Paso 1999, pet. denied).

an asphalt driveway. Swartz's son met with Fabian and proposed a price of $2,500 for the job.[2] When Fabian responded that she did not have that much money, Swartz proposed a less expensive alternative to asphalt. According to Fabian, she specifically asked for him to build a solid, one-piece driveway that would have no loose rock, gravel, or dirt, and Swartz assured her that he could do so for $1,000. She alleges that, contrary to their agreement, Swartz merely piled more dirt and rock on top of the dirt and rock already present. When she objected, Swartz "became belligerent and intimidated the Plaintiff, causing her to fear for her safety."

Fabian further testified that the parties executed a written contract, which was admitted into evidence, and that she never would have signed the contract "if [Swartz] would have told [her] the truth" that the driveway was not going to be "one piece." The contract states that Poor Paul's Paving agrees to furnish the materials and perform the labor necessary to:

1. Pregrade parking area
2. Base parking area with commercial road base
3. Roll pack based area
4. Spread chip rock over based area
5. Roll pack chip rock

Fabian testified that Swartz went over every line in the contract with her and that there was no misunderstanding as to what work would be performed. In accordance with the terms

---

[2] It is not clear from the testimony whether only Swartz's son, or both men, met with Fabian and performed the work. At trial, Fabian stated that Swartz's son gave the estimate, and then he and "another man" did the job. Swartz testified as though he had given the estimate and stated that he and his son did the work together. Because there is no issue raised concerning the identity or capacity of the defendant, we will refer to the defendant below as "Swartz" for simplicity.

of the written contract, Fabian paid $500 up front and the remaining $500 upon completion of the job.

Before resting, Fabian indicated to the court that she had pictures. While they were not offered as exhibits or admitted as part of the record, the trial court responded, "I'll see your pictures." The photographs are not in the record, and there is no further indication of whether the court viewed the photographs or what they revealed.

According to Swartz's testimony, when Fabian asked what could be done for $1,000, he told her that he could cut out the existing driveway, "base it, and put the rock over it and roll it in." He stated that, as the contract required, he and his son cleaned up the existing driveway, put in three loads of base, roll packed the base, put the rock over the base and roll packed again. Swartz testified that each of the five items specified in the contract was completed.[3]

After listening to the parties and reviewing the contract, the court orally noted that the contract controlled. The final take-nothing judgment against Fabian stated no basis for the judgment, nor were findings of fact and conclusions of law made or requested.

## Discussion

Fabian lists eighteen points of error, which we will group and address according to our best interpretation of her intent.

---

[3] In fact, Swartz testified that the contract only required him to use two loads of base, but that he added a third load free of charge.

*Evidentiary Sufficiency*

We first deal with those issues alleging that the evidence was insufficient to support a judgment in Swartz's favor on Fabian's DTPA claim.[4]  In a bench trial in which no findings of fact or conclusions of law are requested by the parties or filed by the trial court, the judgment implies all findings of fact necessary to support it.  *See, e.g.*, *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (citing *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984)).  If the appellate record includes a reporter's and clerk's record, those implied findings are not conclusive and may be challenged for legal and factual sufficiency on appeal.  *Id.*  The applicable standard of review is the

---

[4]  Appellant's issues 4, 5, 6, 7, 13, 14, 17, and 18 state:

> 4.  Did the Defendant act intentionally, taking advantage of the Plaintiff['s] lack of knowledge to a grossly unfair degree?
>
> 5.  Would Plaintiff have entered into the contract/proposal had she been told about the finished product of the driveway, that it would consist of loose gravel and dust?
>
> 6.  Did the Defendant/seller represent to the Plaintiff that characteristics and ingredients would be of a particular standard, quality, and grade which, at the time of completion, were of another?
>
> 7.  Did the Defendant/seller make false statements and misrepresent the contract to Ms. Fabian in order to induce her into signing the contract?
>
> 13.  Did the seller purposely omit specified materials on item #2 of the proposal?
>
> 14.  Did the seller request five-hundred dollars as a "good faith" payment because his actions were premeditated?
>
> 17.  Did the Defendant's testimony that "some rocks" were present on the existing driveway prove by a preponderance of the evidence that he took advantage of the Plaintiff to a grossly unfair degree?
>
> 18.  Has Ms. Fabian proved her burden by [a] preponderance?

same as that applied to review jury findings. *See Wade v. Commission for Lawyer Discipline*, 961 S.W.2d 366, 374 (Tex. App.—Houston [1st Dist.] 1997, no writ). When the implied findings of fact are supported by the evidence, the appellate court must uphold the judgment on any theory of law applicable to the case. *Mondragon v. Austin*, 954 S.W.2d 191, 193 (Tex. App.—Austin 1997, pet. denied).

We will treat these points as challenging both the legal and factual sufficiency of the evidence. A legal sufficiency evidentiary challenge on an issue on which an appellant bears the burden of proof requires the appellant to demonstrate that the evidence conclusively established all vital facts to support the issue. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989); *Solares v. Solares*, 232 S.W.3d 873, 878-79 (Tex. App.—Dallas 2007, no pet.). Evidence is conclusive "only if reasonable people could not differ in their conclusions, a matter that depends on the facts of each case." *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). When a party is challenging the factual sufficiency of a finding regarding an issue upon which that party had the burden of proof, that party must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). In a bench trial, the court as the factfinder determines the credibility of the witnesses and the weight to give testimony. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 357, 761 (Tex. 2003).

The court had before it conflicting versions of events. Fabian complained that she had been defrauded and that the work Swartz promised to perform was not the work that was actually done. Swartz said that the work he promised do to, and more, was done for the price agreed upon. Under our standard of review, the judgment implies that the trial court as factfinder believed

5

Swartz's version of events. Fabian did not conclusively establish that Swartz had failed to perform the work contracted for, nor did she demonstrate that the implied findings against her were against the great weight and preponderance of the evidence. Accordingly, we overrule these issues attacking the sufficiency of the evidence, including point eighteen in which she asks generally whether she met her burden by a preponderance.

### *Basis for Judgment*

In Fabian's first issue, she complains that the court ruled "on the contract" rather than on Fabian's cause of action for deceptive trade practices.[5] In her second issue, Fabian asks whether the trial court was correct in "weighing his decision" on the fact that Fabian signed the proposal.[6] Indeed, Fabian's original petition asserted a cause of action for deceptive trade practices, not breach of contract. However, a party's unpleaded issue may be deemed tried by consent when evidence on the issue is developed under circumstances indicating that the parties understood that the issue was in the case and no objection was made. *See* Tex. R. Civ. P. 67; *Emerson Elec. Co. v. American Permanent Ware Co.*, 201 S.W.3d 301, 309 (Tex. App.—Dallas 2006, no pet.). To determine whether an issue was tried by consent, the reviewing court must examine the record, not for evidence of the issue, but for evidence of trial of the issue. *Emerson Elec. Co.*, 210 S.W.3d at

---

[5] Appellant's Issue 1 states:

> 1. Did the Trial Court Judge McMaster rule on the contract/proposal of the case rather than the nature of deceptive trade practices as Plaintiff clearly stated as cause of action in her petition?

[6] Appellant's Issue 2 states:

> 2. Was the Trial Court Judge correct in weighing his decision on the fact Ms. Fabian signed the contract/proposal?

309. In this case, although the court stated from the bench that the contract controlled, the judgment was a general take-nothing judgment and there were no findings of fact or conclusions of law. We must uphold the judgment on any theory of law applicable to the case. *See Mondragon*, 954 S.W.2d at 193.

In this case, Fabian presented evidence concerning those actions that she considered deceptive, asserting that Swartz promised her a smooth, "one piece" driveway comparable to a city street and that instead, he simply piled more rock and dirt over the existing driveway. Swartz testified that he had done the work he promised to do as shown in the contract. On appeal, Fabian assigns error to the trial court's "weighing his decision" on the fact that Fabian signed the proposal. The court made it clear that it was considering the contract and whether it had been performed, covering the specific items to be performed, noting that the contract had been signed, and noting that the contract had been paid in full. Neither party objected to the court's actions at trial. Accordingly, the issue was tried by consent. *See id.* Because the issue was tried, the judge did not err in basing his decision on the contract, if he did. We overrule issues one and two.

### *Miscellaneous Issues*

In issues 10, 11, and 12, Fabian attacks the contract itself as vague.[7] Fabian did not raise these complaints concerning the vagueness of the contract terms in front of the trial court and so waived them on appeal. *See* Tex. R. App. P. 33.1.

---

[7] Appellant's Issues 10, 11, and 12 state:

10. Does the proposal specify on item #2 what the material would be?

11. Does #2 on the proposal specify what material "a commercial road base" consists of?

12. Is there any specific material other than rock chip on the proposal?

Fabian brings two issues concerning damages, complaining that she was entitled to three times her damages for mental anguish and three times her damages for Swartz's willful and intentional misconduct.[8] We have upheld the court's take-nothing judgment on Fabian's claims, so there is no award of damages available to treble.

In her third issue, Fabian complains that the trial court failed to examine the pictures that she brought and so denied her due process. However, it appears that the trial court, given the rather informal nature of the proceedings involving two pro se litigants, did consider Fabian's pictures even though they were not formally admitted in evidence and therefore are not part of the record.[9] Regardless, in order to reverse a judgment based on a claimed error in an evidentiary ruling, a party must show that the error probably resulted in the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). Fabian has not demonstrated such harm.

Fabian's remaining two issues present nothing for our review and are overruled.[10]

---

[8] Appellant's Issues 8 and 16 state:

> 8. Is Ms. Fabian entitled to three times her damages in the amount of three-thousand dollars for mental anguish?

> 16. Is Ms. Fabian entitled to three times her damages due to the Defendant's willful and intentional misconduct?

[9] Because these photographs were not part of the record and cannot be considered by this Court on appeal, Fabian's "Motion to Submit Evidence" is overruled. *See Quorum Int'l v. Tarrant Appraisal Dist.*, 114 S.W.3d 568, 572 (Tex. App.—Fort Worth 2003, pet. denied) (stating that appellate court cannot look outside trial court's record in effort to discover relevant facts).

[10] In issue nine, Fabian complains that she did not allege a number of pounds as part of her claim and questions why Swartz testified about the number of pounds of base used, asking this Court how

## Conclusion

We have considered and overruled Fabian's issues. Accordingly, we affirm the trial court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:  December 23, 2008

---

that testimony is relevant to her petition.  She waived any objection to the relevance of this testimony by failing to object to the trial court.  *See* Tex. R. App. P. 33.1.  In issue fifteen, Fabian asks why Swartz "accused" Fabian of writing five hundred dollars "twice" on the proposal.  Fabian appears to be referring to the fact that the contract divided the purchase price into two parts: $500 up front, and $500 after completion.  The record does not indicate that Swartz made any accusations against Fabian.  The only reference in the record to these notations came from the judge, who simply noted that this was the amount agreed upon in the contract.