# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00222-CV

**Robert Fernander, Appellant**

**v.**

**Monique Fernander, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-07-00-2807, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Robert Fernander filed a notice of a restricted appeal complaining of the final summary judgment signed by the county court at law in favor of appellee, his ex-wife Monique Fernander, in a suit she brought seeking indemnification from appellant for attorney's fees and other expenses she alleged she incurred as a result of his failure to discharge a judgment he owed to his previous wife, Kristi Fernander. Appellant complains that the county court lacked jurisdiction over the proceeding and that the evidence was insufficient to support the court's award. We reverse the trial court's summary judgment and remand the cause for further proceedings.

### Factual Background

The parties were married from December 2000 until October 2006. Before his marriage to appellee, appellant was married to Kristi, who obtained a child-support judgment against appellant while appellant and appellee were still married. The parties were divorced on

October 16, 2006, when the district court signed an agreed divorce decree. Appellee was awarded the parties' house in the divorce decree.[1] The decree recited that the parties had warranted that they had no other debts, obligations, or other liabilities not already disclosed and provided that "if any claim, action, or proceeding is hereafter initiated seeking to hold the other party liable for any liability, act, or omission of the party, that party is ORDERED, at his or her sole expense, to defend the other party against any such claim . . . and will indemnify . . . the other party from all damages resulting therefrom." The parties were required to provide each other with prompt written notice of any litigation that might provide a basis for indemnification under the decree.

About six months later, appellee filed a petition in the county court, complaining that appellant had never discharged Kristi's judgment against him, as ordered by the divorce decree. Appellee asserted that when she attempted to sell the house she had been awarded in the divorce, Kristi's judgment resulted in a cloud on appellee's title. Appellee also alleged that she was named as a defendant in a turnover application filed by Kristi. Appellee complained that to clear her title, she was forced to file a declaratory judgment against Kristi, an action in which appellee won summary judgment, and to defend against Kristi's turnover application, eventually reaching a settlement under which Kristi agreed that the property was appellee's sole property and that Kristi's judgment was appellant's sole liability. Appellee alleged that because of the cloud on the title, the sale of the house was delayed and that the house ultimately sold for $11,000 less than the original offer. Appellee sought attorney's fees incurred in her declaratory judgment action, defending Kristi's turnover proceeding, and bringing the indemnification suit, as well as the difference in value for the

---

[1] Although appellee was apparently awarded the house in the divorce, in his pro se answer, appellant stated that he bought the house in May 2000, before the parties were married, which would make the house his separate property. This fact was not established by any evidence, however.

house's sale and costs she incurred when the sale was delayed. Appellant filed a pro se answer, alleging appellee obtained the house in the divorce through fraud.

Appellee filed a motion for summary judgment, attaching her own affidavit setting out the facts surrounding this case; a partial copy of the parties' divorce decree; the order granting partial summary judgment in appellee's favor in her suit for declaratory relief against Kristi; the settlement agreement between appellee and Kristi in which Kristi released any claims against the property[2]; a listing of expenses appellee averred she had incurred in the several proceedings, including the $11,000 difference between offered sales prices for the house, attorney's fees in the declaratory proceeding and the turnover application, court costs, and repairs and upkeep for the house, for a total of $45,612.82; and her attorney's affidavit, stating that appellee had incurred $1,500 in attorney's fees in the indemnification proceeding. Appellant did not file a response to appellee's motion for summary judgment, and the county court at law, after a hearing, granted judgment in appellee's favor, awarding her the full $45,612.82 she sought. About four months after the county court signed the final summary judgment, appellant filed his notice of restricted appeal.

**Discussion**

In a restricted appeal, the complaining party must show that he was a party to the underlying lawsuit who did not participate in the hearing resulting in the judgment under attack and

---

[2] In the order granting appellee partial summary judgment in her declaratory judgment suit against Kristi, the court ordered that Kristi should pay appellee's costs and her reasonable and necessary attorney's fees, "the amount of such fees to be determined by agreement of the parties or at trial." Appellant points to this provision to argue that appellee was attempting to obtain a double-recovery of attorney's fees. However, under appellee's and Kristi's settlement agreement, appellee released Kristi from "any and all claims, demands, damages, costs, losses, expenses," or other obligations that she had against Kristi.

3

did not timely file post-judgment motions or requests for findings of fact and conclusions of law and that error is apparent on the face of the record. Tex. R. App. P. 30; *Insurance Co. v. LeJeune*, 297 S.W.3d 254, 255 (Tex. 2009). In this case, appellant filed an answer to appellee's petition but did not respond to her motion for summary judgment, appear at the hearing, or file post-judgment motions or requests, and his notice of appeal was filed within six months of the granting of summary judgment. The only issue is whether error is apparent on the face of the record. Legally or factually insufficient evidence amounts to error on the face of the record and is reviewable in a restricted appeal. *See Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Further, because appellant filed an answer, although he did not respond to appellee's motion for summary judgment, appellee was required to prove her entire case, including appellant's liability and her damages. *See Whitaker*, 218 S.W.3d at 220.

Appellant argues that there is error on the face of the record because (1) the county court at law lacked jurisdiction over appellee's suit for indemnification; (2) the court lacked the authority to award to appellee any sums beyond the property awarded to her in the divorce decree, including the attorney's fees she incurred in defending against Kristi's turnover proceeding; and (3) the evidence supporting the trial court's award of damages and attorney's fees is legally insufficient. We hold that the county court properly exercised jurisdiction over the proceeding but that the evidence was legally insufficient to support the granting of summary judgment.

### *Jurisdiction*

In his first issue, appellant asserts that the county court lacked jurisdiction over appellee's suit for indemnification. He argues that the family code barred the county court from amending or changing the property division made in the divorce decree signed in 2006 by the district court. He insists that the county court's judgment awarding appellee damages and attorney's fees incurred when appellant failed to comply with the divorce decree "blatantly changed the property division." We disagree.

The divorce decree divided the couple's property between the parties. The county court's judgment in this proceeding did not change that division. It merely awarded damages and fees incurred by appellee as a result of appellant's failure to comply with the decree and either discharge Kristi's judgment or indemnify appellee for having to defend against Kristi's attempt to obtain satisfaction of her judgment through the property awarded to appellee. Appellee's suit was not seeking to clarify or modify the decree. The county court properly exercised jurisdiction over appellee's suit. *See Solares v. Solares*, 232 S.W.3d 873, 878 (Tex. App.—Dallas 2007, no pet.) (ex-wife's suit for breach of warranty deed and fraud related to ownership of property awarded to her in divorce was suit for common law fraud and conversion, not suit to enforce or clarify decree). We overrule appellant's first issue on appeal.

### *Sufficiency of the Evidence*

In his second issue, appellant complains that the evidence was insufficient to support the county court's judgment, raising several arguments related to appellee's evidence. In one of his arguments, appellant complains that the evidence is legally insufficient because appellee did not

provide evidence of a valid, enforceable agreement; appellant's breach of that agreement; or causation between any breach by appellant and appellee's alleged damages. Appellee attached to her motion for summary judgment two pages of the parties' divorce decree. The attached excerpt refers to other parts of the decree, which appellee did not attach. Because the summary judgment evidence does not "clearly reflect the terms of [appellant's] obligation," appellant argues, the evidence was legally insufficient to support the trial court's judgment. We agree.

The evidence attached to appellee's motion for summary judgment establishes that Kristi obtained her child-support judgment against appellant in August 2003, while appellant and appellee were still married; the record does not establish when Kristi abstracted her judgment, when she filed her turnover application, or whether the turnover application was filed against appellant and appellee together or solely against appellee. Appellee's affidavit states that she was awarded the parties' house in the divorce decree, although she did not attach that portion of the decree. Appellee averred that she was unable to sell the house in February 2007 due to the cloud on the title created by Kristi's abstracted judgment. The evidence also shows that appellant filed her suit for declaratory judgment against Kristi after the parties' divorce, obtaining partial summary judgment that Kristi's abstracted judgment did not attach to the property; and that she and Kristi signed a settlement agreement in March 2007, in which Kristi agreed to nonsuit her application for turnover relief against appellee and agreed that appellee had no liability under Kristi's abstracted judgment.

Appellant attached as summary judgment evidence two pages of the parties' divorce decree. The excerpt includes a paragraph titled, "*Indemnification*," which recites that the parties have represented that they have

6

not incurred any debt, obligation, or other liability, *other than those described in this Decree*, on which the other party is or may be liable. It is therefore ORDERED and DECREED that if any claim, action, or proceeding is hereafter initiated seeking to hold the other party liable for any liability, act, or omission of the party, that party is ORDERED, at his or her sole expense, to defend the other party against any such claim or demand, whether or not well-founded, and will indemnity and hold harmless the other party from all damages resulting therefrom.

(Emphasis added.) The paragraph preceding the indemnification paragraph also addresses indemnification, stating that "any community liability not expressly assumed by a party *under this decree* is to be paid by the party incurring the liability, and the party incurring the liability shall indemnify and hold the other party and his or her property harmless from any failure to so discharge the liability." (Emphasis added.)

We agree with appellant that, on the face of the record, we are unable to tell what liabilities were described elsewhere in the decree, whether Kristi's judgment against appellant was addressed by the decree, or that the indemnification paragraph should apply to these facts.[3] The evidence put forth by appellee does not show (1) that her declaratory judgment action against Kristi is one that would trigger the indemnification paragraph, which requires appellant's indemnification in a proceeding brought *against appellee* and *after* the date of the divorce decree; or (2) when Kristi's turnover application was filed and thus whether the indemnification paragraph should apply to that proceeding. Nor is there evidence that the earlier indemnification provision related to a party's failure to discharge an unaddressed community liability should apply. Finally, there is no

---

[3] In her amended petition, appellee states that appellant was required by the decree to pay Kristi's judgment and indemnify appellee from any liability she might incur as a result of his failure to discharge the judgment. However, appellee's motion for summary judgment and affidavit do not mention any such provision in the decree.

evidence whether appellant's liability to Kristi was in any way addressed in the decree or whether his failure to satisfy that judgment triggered any indemnification requirement set out in the decree. Thus, appellee has not established as a matter of law that appellant was required by the decree to indemnify her for her costs related to contesting her liability for Kristi's judgment or that her lost profits related to the sale of the house should have been included in her claim for damages. *See Whitaker*, 218 S.W.3d at 220 (plaintiff must establish liability and damages in post-answer default). Thus, the evidence was legally insufficient to support the county court's summary judgment.

## Conclusion

Because the evidence did not establish as a matter of law that appellant was liable for appellee's damages related to Kristi's judgment against him, the county court erred in granting summary judgment in appellee's favor. Due to our resolution of this portion of appellant's second issue on appeal, we need not address his complaints related to whether he was required by the decree to indemnify appellee for lost profits or expenses related to the property, the trial court's attorney's fee award or the sufficiency of appellee's affidavit or the evidence supporting her claim of damages. We reverse the judgment and remand the cause to the county court for further proceedings.

_____

David Puryear,  Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Reversed and Remanded

Filed:   May 7, 2010

8