**Ryan Heath PURDUN, Respondent,**

v.

**Kimberly Ann PURDUN, Appellant.**

No. WD 64476.

Missouri Court of Appeals,
Western District.

May 31, 2005.

**599**

Ronald Ray Holliday, St. Joseph, for appellant.

Janet Wake Larison, Grant City, for respondent.

RONALD R. HOLLIGER, Judge.

Kimberly Purdun ("Mother") appeals from the portion of her dissolution decree awarding sole physical custody of two minor children to Ryan Purdun ("Father"). Sometimes, unfortunately, a trial court must make a decision in matters of child custody between less than ideal parents. But decide the trial court must. This case demonstrates the difficulty presented and the sound reasons for deference to the trial court in custody matters. Mother contends that the award of sole physical custody to Father was against the weight of the evidence. She further argues that the court failed to make a finding that restrictions on her visitation would endanger the children's physical health or emotional development and that even if no finding was required that there was no substantial evidence to support that conclusion. We affirm.

Mother and Father were married on March 15, 1997. For the next six years the marriage was, by all accounts, a less than healthy relationship marred by various degrees of excessive drinking, adultery, drug use, neglect, and emotional abuse. Two daughters were born to the marriage. Father filed for divorce on July 16, 2003.

Evidence adduced at trial showed that between the marriage date and the date he filed for divorce, Father was rarely home with his wife and children and often intoxicated to the point of unconsciousness. About the same time he filed for divorce, however, he had reformed his behavior and stopped drinking completely. Mother, conversely, began drinking heavily around

the same time and her behavior became increasingly erratic.

After a trial, the court entered a judgment awarding joint legal custody and sole physical custody to Father. The custody order is the sole subject of this appeal.

### Standard of Review

▮ The standard of review in a custody case is recited in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976): "... [T]he decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32.

▮ "On appeal of [a] custody order, we view the evidence in the light most favorable to the decision of the trial court." *Alt v. Alt*, 896 S.W.2d 519, 520 (Mo.App. 1995). Because the trial court is in the best position to weigh all the evidence and render a judgment based on the evidence, the judgment is to be affirmed under any reasonable theory supported by the evidence. *Scott v. Scott*, 147 S.W.3d 887, 895 (Mo.App.2004). " 'In child custody matters the trial court's determination must be given greater deference than in other cases.' " *Id.*

### Point I

▮ Mother alleges in Point I that the trial court erred in its award of sole physical custody to father because it was against the weight of the evidence presented at trial. The basis for determining child custody is the best interests of the child.

The trial court is guided in making this decision by the eight factors set forth in section 452.375.2. These factors include:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of the child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community;

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved....;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian.

Section 452.375.2.

The Parenting Plan prepared by the court and challenged here on appeal states in relevant part:

2. Mother shall have the children two weekday evenings every week, which are to be Tuesdays and Thursdays, unless otherwise agreed. Said visitation is to end no later than 7 p.m. and is to be for three hours, but may be longer, if agreed by the parties.

3. Mother shall have the children for eight hours every weekend, which is to be on Sunday, unless otherwise agreed. Said visitation is to end no later than 7 p.m.

5. During the months of June, July and August, Mother may have the children for two continuous weeks. Mother must give Father two weeks' written notice of when such visitation is to occur. Said visitation shall take place only if one of Mother's parents is also in the same house with Mother during said two weeks.

6. During the months of September through May, Mother may have the children for a weekend in each of those months, from Friday at 7 p.m. to Sunday at 7 p.m. Mother must give Father two weeks' written notice of when such visitation is to occur. Said visitation shall take place only if one of Mother's parents is also in the same house with Mother during said weekends.

■ Mother argues specifically that the court misapplied factors (6) and (8) when entering its judgment and findings. In her argument section, Mother makes little effort to tie her claim to the factors enumerated in the statute; she does not specifically challenge the court's findings except to conclude that they were against the weight of the evidence and not in the best interests of the children. Instead, Mother urges this court to reverse the judgment by pointing to evidence that Father "completely denied" her contact with the children while the divorce was pending. Certainly, a parent's history of denying the other parent meaningful contact with a child may be considered in determining custody. *Harris v. Harris*, 803 S.W.2d 167, 169 (Mo.App.1991). However, the record does not support Mother's contention that Father completely denied access to the children as a form of punishment. Evidence was presented that Father allowed Mother contact with the children during the divorce action as long as it was supervised and that Father's motive for this was his concern for the safety of the

girls. Several witnesses besides Father, including the babysitter and the GAL, expressed concerns for the safety of the children while in Mother's care because of her tendency to abuse alcohol. The trial court recognized this in its Judgment.

Moreover, Mother acknowledged herself that the safety concerns while the children were in her custody were not completely unfounded. We do not believe that Father's restriction on her visitation with the children, in light of the evidence adduced about her condition at the time, indicates that the custody arrangement is not in the best interests of the children.

Mother also points to Father's excessive drinking, adultery, and other poor behavior during the marriage as proof that the judgment was against the weight of the evidence. While we find nothing to admire about Father's performance as a husband and parent during the marriage, the record shows that he was the more stable parent at the time of the custody decision. The court in this case was faced with a cascade of evidence on both sides of alcohol abuse and neglect. The glaring difference in the evidence presented was that, at the time of the custody decision, Mother was still struggling with alcohol dependency and depression. Father was not.

■ Appellate courts should exercise the power to set aside a decree or judgment as "against the weight of the evidence" with caution and only with a firm belief that the decree or judgment is wrong. *Doynov v. Doynov*, 149 S.W.3d 917, 923 (Mo.App.2004). When there is conflicting evidence, the trial court has the discretion to determine the credibility of the witnesses, accepting or rejecting all, part, or none of the testimony it hears. *Sarwar v. Sarwar*, 117 S.W.3d 165, 168 (Mo.App.2003). The mere existence of evidence from which another conclusion might have been reached is not enough to

demonstrate that the holding of the trial court is contrary to the weight of the evidence. *Sarwar*, 117 S.W.3d at 168; *Moyer v. Walker*, 771 S.W.2d 363, 365–66 (Mo.App.1989).

Viewed in the light most favorable to the trial court's judgment, there is substantial evidence in the record to support the trial court's findings. The evidence presented was uncontradicted that Husband had not consumed alcohol since filing for a divorce. Conversely, the evidence was strong that Mother's struggle with substance abuse was continuous and uncontrollable even into the week of the hearing. The GAL testified, "[b]ut because of the struggle that Kim Purdun continues to have with depression and substance abuse, and specifically alcohol, my recommendation ... is that they would share joint legal custody where they would have to confer with each other and share information regarding the kids' health and welfare, that Ryan would have primary physical custody."

The couple's babysitter testified that she had concerns about Mother's parental fitness citing her struggle with alcohol abuse. Mother herself acknowledged that she was an alcoholic who could not control her impulse to drink and who had been intoxicated just days prior to the hearing. She also admitted that she suffered from severe depression and had overdosed on sleeping pills in August of 2003, prompting her hospitalization for psychological evaluation. Still other evidence was presented that excessive alcohol usage had affected Mother's participation with the girls in that it caused her to miss her daughter's Christmas program and a scheduled visitation.

Reading the record in the light most favorable to the judgment, we find that the custody order was not against the weight of the evidence. Point denied.

## Points II & III

■ Mother argues in Point II that the trial court erred by restricting her visitation rights because the court did not make an explicit finding that increased visitation would endanger the children's physical health or impair their emotional development as required by Section 452.400, RSMo.2000. In Point III, she argues that there was insufficient evidence to support an implicit finding of physical endangerment or impairment of emotional development or that her activities had any adverse impact on the children, even if an explicit finding was not required by Section 452.400. For ease of discussion, we consider Points II and III together.

Mother claims that Section 452.400.1, RSMo.2000, requires an explicit finding that unsupervised visitation by her would endanger the children's health or emotional development and, in the absence of thereof, a judgment restricting visitation is in error. Section 452.400.1 reads in relevant part:

A parent not granted custody of the child is entitled to reasonable visitation rights unless the court finds, after a hearing, that visitation would endanger the child's physical health or impair his or her emotional development.

■ In support of her claim in Point II Mother cites *In re S.E.P. v. Petry*, 35 S.W.3d 862 (Mo.App.2001). *Petry* states the rule from Section 452.400 requiring an expressed finding of endangerment or impairment; however, it also recognizes the well-stated exception to the rule. *Id.* at 871. Quoting from *Petry*: "When the trial court fails to make an express finding of impairment or endangerment, an appellate court may in some instances infer such a finding...." *Id.* Generally, an appellate court is allowed to make such an implicit finding of impairment or endangerment if it is supported by the overwhelming

weight of the evidence. *Reding v. Reding,* 836 S.W.2d 37, 42 (Mo.App.1992); *Van Pelt v. Van Pelt,* 824 S.W.2d 135, 137 (Mo.App.1992); *J.L.S. v. D.K.S.,* 943 S.W.2d 766, 772 (Mo.App.1997); *Buschardt v. Jones,* 998 S.W.2d 791, 799 (Mo.App. 1999). "This power is particularly appropriate [ ] where the trial court made a correct ruling which lacked the formal statutory requirements, and a remand to re-write the order would be an empty act." *Van Pelt,* 824 S.W.2d at 137. In other words, if the overwhelming weight of the evidence supports a finding that unrestricted visitation by Mother could have an impairing or endangering affect on the children, then this court may imply such a finding.

Evidence was introduced from several witnesses regarding safety concerns of the children while in the care of Mother. Again, the GAL's testimony is illuminating: "[E]ven though I'm concerned for the kids' safety, I would think that short periods of unsupervised visitation with Kim Purdun, while that might not prevent her from drinking when she has them, it certainly would be easy to detect if she had." The babysitter testified that she had no reservations about the safety of the children when in Father's care, but she expressed concern for the girls' safety when Mother had been drinking. At the time of the hearing and the custody award, by Mother's own admission, she was still struggling with her alcohol addiction, which was the basis upon which the safety concern was founded. We find that the overwhelming weight of the evidence presented supports an implicit finding that Mother's emotional and physical condition at the time of the hearing was such that unrestricted visitation with her could have an impairing or endangering affect on the children. This implicit finding eliminates the need for an explicit finding as such under Section 452.400.1. Points II and III are denied.

The judgment is affirmed.

JAMES M. SMART, JR., Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.