**In re A.W.P., C.D.P., C.A.P., Children.**

No. 05–05–00638–CV.

Court of Appeals of Texas, Dallas.

July 18, 2006.

Paul A. Lockman, The Law Office of Paul A. Lockman, Dallas, for Appellant.

William Henry Underwood, McKinney, for Appellee.

Before Justices WHITTINGTON, O'NEILL, and MAZZANT.

## OPINION

Opinion by Justice O'NEILL.

Appellant Larry Wayne Parent (Larry) appeals the denial of his motion to modify. In three issues, Larry contends (1) the trial court erred in denying his motion for new trial, (2) the trial court erred in deeming appellee Kimberlee Ann Parent's (Kimberlee) requests for admissions, and (3) there is no evidence to support the trial court's award of attorney fees. For the following reasons, we affirm the trial court's judgment.

Larry and Kimberlee were divorced in May 2004 and Larry was ordered to pay child support for their three minor children. In February 2005, Larry filed a motion to modify seeking to reduce the amount of court-ordered child support. At the hearing on the motion to modify, Kimberlee asserted Larry had failed to timely answer her requests for admissions. She thus asserted the requests were automatically deemed admitted as a matter of law. *See* Tex.R. Civ. P. 198.3. She objected to any evidence contrary to Larry's admissions. Larry did not dispute that his responses were late. Nor did he request to withdraw the deemed admissions. The trial court deferred ruling on the issue of the deemed admissions and granted Kimberlee a running objection to any evidence contrary to the admissions. The trial court proceeded to hear the motion to modify. One week later, the trial court signed an order (1) denying the motion to modify, (2) deeming Kimberlee's requests for admissions admitted for all purposes, and (3) ordering Larry to pay Kimberlee's court costs and attorney fees.

Larry subsequently filed a motion for new trial asserting the trial court erred in deeming the requests for admission admitted because he timely answered the requests. Larry acknowledged that he served untimely responses on Kimberlee, but claimed he did so due to a secretarial error. Larry claimed that, in addition to serving the late responses, he had also previously timely served Kimberlee with the responses. In Kimberlee's response to the motion for new trial, she disputed Larry's claim, maintaining she did not receive any timely responses. The motion for new trial was overruled by operation of law. This appeal followed.

 In his first issue, Larry contends the trial court erred in "not hearing" his motion for new trial. According to Larry, the trial court refused to hear his motion for new trial because it incorrectly concluded it had lost plenary jurisdiction over the case.[1] Larry cites no place in the record to support his contention that the trial court refused to consider his motion for new trial. Statements in a brief that are not supported by the record will not be considered on appeal. *Marshall v. Housing Auth.*, 198 S.W.3d 782 (Tex. 2006); TEX. R. APP. P. 38.1(h) (requiring argument to be supported by appropriate references to the record). Further, Larry cites no legal authority under this issue. Therefore, this issue is inadequately briefed and present nothing to review. *See Hope's Fin. Mgmt. v. Chase Manhattan Mortgage Corp.*, 172 S.W.3d 105, 107 (Tex.App.-Dallas 2005, pet. denied). We resolve the first issue against Larry.

 In his second issue, Larry contends the trial court improperly deemed admitted Kimberlee's requests for admissions. This Court has only a partial reporter's record of the trial court's hearing on the motion to modify. Generally, in an appeal with only a partial reporter's record, we must presume the omitted portions of the record are relevant and support the trial court's judgment. *Feldman v. Marks*, 960 S.W.2d 613, 614 (Tex.1996). Texas Rule of Appellate Procedure 34.6(c) provides an exception to the general rule. *See* Tex.R.App. P. 34.6(c). Under that rule, an appellant may present an appeal on a partial reporter's record if he includes in

1. In his "summary of the argument," appellant represents that his argument under the first issue will attack the merits of the trial court's refusal to grant the motion for new trial. However, the substance of his brief attacks only the trial court's alleged determination that it had lost plenary jurisdiction to consider the motion for new trial. We will consider only the issue actually presented in appellant's brief. *See* Tex.R.App. P. 38.1(h).

his request for the reporter's record a statement of the points or issues to be presented on appeal. *Id.* The appellant must file a copy of his request with the trial court clerk. *See* TEX.R.APP. P. 34.6(b)(2). If an appellant fails to file a notice of issues with the clerk, we assume the missing portions of the record support the trial court's judgment. *See Bennett v. Cochran,* 96 S.W.3d 227, 229 (Tex.2003) (per curiam).

In this case, the clerk's record does not include a request to the court reporter showing a statement of the points or issues relied upon or other document showing the points or issues relied upon. We sent the clerk a letter requesting her to file with this Court Larry's designation of the record to the court reporter, including any statement of points or issues under rule 34.6(c). The clerk responded that Larry never filed a designation with the clerk. Under these circumstances, we must presume the missing portions of the record support the trial court's judgment. *See Bennett,* 96 S.W.3d at 229; *see also Farahmand v. Thang Do,* 153 S.W.3d 601, 602 (Tex.App.-Dallas 2004, pet. denied) (affirming trial court's refusal to withdraw deemed admissions where appellant failed to file record of hearing on motion to withdraw). Thus, we cannot conclude the trial court erred in granting judgment on Larry's deemed admissions.

■ Furthermore, under this issue, Larry relies solely on evidence he presented to the trial court in his motion for new trial. However, Larry attacks only the trial court's decision to grant judgment on the deemed admissions.[2] In determining whether the trial court properly granted judgment on the deemed admissions, we consider only the evidence before the trial court at the time it made that decision. *Cf. Deerfield Land Joint Venture v. Southern Union Realty Co.,* 758 S.W.2d 608, 611 (Tex.App.-Dallas 1988, writ denied) (reviewing court considers only evidence before trial court at time of summary judgment hearing); *Clark v. Noyes,* 871 S.W.2d 508, 518 & n. 5 (Tex.App.-Dallas 1994, no writ) (refusing to consider evidence that was not presented at time of hearing on special appearance). Because Larry has not shown the trial court's decision was incorrect when made, he presents no reversible error. We resolve the second issue against Larry.

■ In the third issue, Larry asserts there is no evidence to support the trial court's award of attorney's fees to Kimberlee. Because we have only a partial reporter's record, we must assume the missing portions of the record support the trial court's judgment. *See Tull v. Tull,* 159 S.W.3d 758, 761 (Tex.App.-Dallas 2005, no pet.). We resolve the third issue against Larry.

■ In this appeal, Kimberlee has requested damages for filing a frivolous appeal. This Court is authorized to award "just damages" if an appeal is objectively frivolous and injures the appellee. *Njuku v. Middleton,* 20 S.W.3d 176, 178 (Tex. App.-Dallas 2000, pet. denied). An appeal is frivolous if, at the time asserted, the advocate had no reasonable grounds to believe the judgment would be reversed or when an appeal is pursued in bad faith. *Id.*

Here, Kimberlee's motion for frivolous appeal damages is largely based on Kimberlee's allegation that the evidence attached to Larry's motion for new trial was falsified. We have disposed of this appeal primarily based on Larry's failure to pres-

2. Particularly, Larry does not attack the trial court's ruling on the motion for new trial—which is a obviously a different issue than the trial court's initial decision to grant judgment and is governed by a different standard of review.

ent a complete record. This failure does not alone render his appeal frivolous. *See Sam Houston Hotel, L.P. v. Mockingbird Rest., Inc.,* 191 S.W.3d 720, (Tex.App.-Houston [14th Dist.] 2006, no pet.). Nor can we conclude Larry's appeal was otherwise frivolous. *See* Tex.R.App. P. 45. We decline to award frivolous appeal damages under the facts of this case.

■ Additionally, both Kimberlee and Larry seek damages under section 10.001 of the civil practice and remedies code accusing the other party of filing improper motions in this Court. *See* Tex. Civ. Prac. & Rem.Code Ann. § 10.001 (Vernon 2002). Section 10.001, by its own terms, applies only to motions filed in the trial court under the rules of civil procedure. *See* Tex. Civ. Prac. & Rem.Code Ann. § 10.001 (Vernon 2002). It does not apply to motions filed in this Court or to sanctions requested for the first time in this Court. We deny both parties motions for sanctions under the civil practice and remedies code.

We affirm the trial court's judgment.