Opinion issued July 31, 2008 


In The 

Court of Appeals


For The 



First District of Texas

NO. 01-07-00662-CV 

HANG TRAN D/B/A PARISIAN BAKERY, AppellantV.MANH V. TRAN and LIEN TRINH, Appellees

On Appeal from the County Civil Court at Law No. 1Harris County, TexasTrial Court Cause No. 847101


MEMORANDUM OPINION 

Tran (“Manh”) and Lien Trinh (“Trinh”), in Trinh’s declaratory judgment action in which Manh intervened against Hang for damages based on Hang’s breach of an alleged partnership agreement. In her sole issue, Hang contends that the trial court erred in denying her attorney’s fees.[1] 

We affirm. 



Procedural Background 

After the jury found that there was no partnership agreement between Hang and Trinh, it found that $56,675 represented Hang’s reasonable attorney’s fees for preparation and trial at the countycourt level,$10,000 for an appeal to this Court, and $10,000 for an appeal to the Texas Supreme Court. Trinh subsequently filed a motion to disregard the jury’s finding on the amount of attorney’s fees that Hang incurred in defense of Trinh’s declaratory judgment action. In its final judgment, the trial court granted Trinh’s motion to disregard the jury’s finding on attorney’s fees and, thus, did not award Hang any attorney’s fees. 

After Hang filed her notice of appeal, she decided to pursue a limited appeal, requesting only a partial reporter’s record of the informal charge conference and a posttrial hearing about the attorney’s fees that Hang incurred at trial. 

See TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008). 2 



Partial Reporter’s Record 

In her sole issue, Hang contends that the trial court erred in “its legal conclusion that the attorney’s fees should not be awarded to[Hang]based on a failure to segregate those attorney’s fees.” As a preliminary matter, Trinh and Manh argue that Hang “has effectively waived her appeal” because the absence of a complete reporter’s record “requires this Court to presume the missing record supports the trial court’s actions and judgment.”[2] 

An appellant must request, in writing, that the official court reporter prepare the reporter’s record. TEX. R. APP. P. 34.6(b)(1). Generally, in an appeal with only a partial reporter’s record, we must presume that the omitted portions of the record are relevant and support the trial court’s judgment. Feldman v. Marks, 960 S.W.2d 613, 614 (Tex. 1996). However, under Texas Rule of Appellate Procedure 34.6(c), an appellant may present an appeal based upon a partial reporter’s record if the appellant includes in his request for the reporter’s record a statement of the points or issues to be presented on appeal.[3] TEX. R. APP. P. 34.6(c). Also, the appellant must 

2 

Trinh and Manh also filed a notice of appeal. See TEX. R. APP. P. 25.1(a). However, Trinh and Manh do not seek “to alter the trial court’s judgment.” See TEX. R. APP. P. 25.1(c). In their brief, they only respond to Hang’s sole issue. 

3 

Although Texas Rule of Appellate Procedure 34.6(c)(1) indicates that the statement of points must be included “in” the request for a partial reporter’s record, the Rule is complied with if the statement of points is filed in a separate document with the request. See Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991) (per curiam). 

file a copy of this request with the trial court clerk. TEX. R. APP. P. 34.6(b)(2); In re A.W.P., 200 S.W.3d 242, 245 (Tex. App.—Dallas 2006, no pet.). If an appellant includes in the request for a partial reporter’s record a statement of the points or issues to be presented on appeal and files that request with the trial court clerk, we must “presume that the partial reporter’s record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues.” TEX. R. APP. 

P. 34.6(c)(4); see CMM Grain Co. v. Ozgunduz, 991 S.W.2d 437, 439 (Tex. App.—Fort Worth 1999, no pet.). If “an appellant fails to file a notice of issues with the clerk, we assume the missing portions of the record support the trial court’s judgment.” A.W.P., 200 S.W.3d at 245 (citing Bennett v. Cochran, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam)). 

Here, the clerk’s recorddoes not includea request to the court reporter showing a statement of the points or issues relied upon or other documents showing the points or issues relied upon. See id. We ordered the county civil court at law clerk to supplement the record with Hang’s request for a partial reporter’s record, if any, including any statement of points or issues under Rule 34.6(c). The county civil court at law clerk supplemented the record, responding that Hang did not file his request for a partial reporter’s record with the county civil court at law clerk. Thus, we must presume that the missing portion of the reporter’s record supports the trial court’s judgment. See id. (presuming that missing portions of the reporter’s record supported trial court’s judgment after trial court clerk informed court of appeals that appellant had not filed request for partial reporter’s record or statement of points or issues to be presented upon appeal with trial court clerk). Accordingly, we cannot conclude that the trial court erred in denying Hang recovery of attorney’s fees. 

We overrule Hang’s sole issue. 



Conclusion 

We affirm the judgment of the trial court. 

Terry Jennings Justice 

Panel consists of Chief Justice Radack and Justices Jennings and Bland.