AFFIRM; Opinion issued November 29, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-00331-CV

KHANH DAO, Appellant

V.

PHIL SILVA, Appellee

and

PHO PARTNERS, LLC and
PHO COLONIAL 1623 MAIN STREET, LLC, Intervenors/Appellees

On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-11-16235-K

# MEMORANDUM OPINION

Before Justices Bridges, Richter, and Lang
Opinion By Justice Bridges

Appellant Khanh Dao appeals from the trial court's order granting appellees' application for temporary injunction. In nine issues, Dao complains: (1) the relief granted is void, because the trial court must rule on a motion to strike before considering other matters brought by the Intervenors; (2) the temporary injunction should be dissolved because Silva has no standing to assert the pleaded claims; (3) the Intervenors have no capacity to assert claims against Dao; (4) the Intervenors have failed to show a justiciable interest; (5) the Intervenors cannot defend a derivative action on the

merits, and there is a fatal conflict of interest; (6) the trial court misapplied the law, governing its equitable power to "balance the harms"; (7) the trial court abused its discretion by enforcing an injunctive order that likely alters the status quo and fails to preserve the subject matter of the dispute; (8) the order violates rule 683 of the Texas Rules of Civil Procedure; and (9) the order improperly asserts "findings" in violation of rules 296-299a of the Texas Rules of Civil Procedure. We affirm.

## Analysis

Under rule 34.6(b), an appellant must request in writing that the official reporter prepare the reporter's record. TEX. R. APP. P. 34.6(b). If the appellant only requests a partial reporter's record, the appellant must include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues. *Id.* at 34.6(c).

The record before us lacks any request for the reporter's record. Further, the record only contains a partial reporter's record from the temporary injunction hearing. In this case, the clerk's record does not include a request to the court reporter, showing a statement of the points or issues relied upon or other document showing the points or issues relied upon. The partial reporter's record before us indicates the evidentiary portion of the hearing was not requested, and the partial record begins only after the trial court closed evidence.

Generally, in an appeal with only a partial reporter's record, we must presume the omitted portions of the record are relevant and support the trial court's judgment. *In re A.W.P.*, 200 S.W.3d 242, 244 (Tex. App.–Dallas 2006, no pet.). When, as here, an appellant fails to file a notice of issues with the clerk, we assume the missing portions of the record support the trial court's judgment. *See id.* at 245; TEX. R. APP. P. 34.6(c). Strict compliance with rule 34.6(c) is necessary to activate the presumption the omitted portions of the record are irrelevant. *$4,310 in U.S. Currency, et al. v. The State of Texas*, 133 S.W.3d 828, 829 (Tex. App.–Dallas 2004, no pet.). Because Dao neither filed

a complete record on appeal nor complied with the partial reporter's record provisions of rule 34.6, we must presume the omitted reporter's record supports the judgment. *See A.W.P.*, 200 S.W.3d at 245; *$4,310 in U.S. Currency*, 133 S.W.3d at 829-30; TEX. R. APP. P. 34.6 (b), (c).

Without a record to review, we cannot say the trial court erred in ruling on appellees' application for temporary injunction prior to appellant's motion to strike or abused its discretion in granting the temporary injunction. *See Amend v. Watson*, 333 S.W.3d 625, 627 (Tex. App.–Dallas 2009, no pet.); TEX. R. APP. P. 34.6(c). *See also* TEX. R. CIV. P. 683 ("The appeal of a temporary injunction shall constitute no cause for delay of the trial."). We, therefore, affirm the judgment of the trial court.

DAVID L. BRIDGES
JUSTICE

120331F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

KHANH DAO, Appellant

No. 05-12-00331-CV     V.

PHIL SILVA, Appellee
and
PHO PARTNERS, LLC AND PHO
COLONIAL 1623 MAIN STREET, LLC,
Intervenors/Appellees

Appeal from the 192nd Judicial District of Dallas County, Texas. (Tr.Ct.No. DC-11-16235-K).
Opinion delivered by Justice Bridges, Justices Richter and Lang.

    In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellees Phil Silva, Pho Partners, LLC and Pho Colonial 1623 Main Street, LLC recover their costs of this appeal from appellant Khanh Dao.

Judgment entered November 29, 2012.

_____
DAVID L. BRIDGES
JUSTICE