**Affirm and Opinion Filed December 15, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00156-CV**

_____

**ZENA LAND DEVELOPMENT LP AND**
**TRAILWOOD INVESTMENTS LP, Appellants**
**V.**
**CONNER LEE EDWARDS AND ROBIN BOONE, Appellees**

**On Appeal from the 162nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-11829**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Molberg

Appellants Zena Land Development LP and Trailwood Investments LP appeal the trial court's January 12, 2021 order confirming an arbitration award in favor of appellees Connor Lee Edwards and Robin Boone and awarding attorney's fees and other relief. We affirm the order in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. BACKGROUND

At the heart of the parties' dispute is a disagreement about the usage of same-colored brick on adjacent homes in a residential housing development. Prior to this

lawsuit, appellees, who own one of the homes, initiated an arbitration proceeding[1] against appellants, claiming the usage of the same-colored brick violated the terms of certain applicable restrictions—namely, a Declaration of Covenants, Conditions and Restrictions for Trailwood ("Declaration"). The arbitrator agreed and entered a Final Arbitration Award ("Award") in their favor on April 23, 2020. The Award did not include attorney's fees. The Award did include various findings of fact and conclusions of law by the arbitrator, including the following findings of fact:

> 18. Under Section 12.1 of the Declaration, during the Development Period (as defined [in the] Declaration), Trailwood has "the sole right [to] . . . review, determine and enforce architectural control of the Lots."
>
> 19. Trailwood's right to review, determine and enforce architectural control of the lots "[is] absolute in its sole discretion and [does] not require the approval, consent or joinder of (i) any Owner . . . ."
>
> 20. Under Section 3.4 of the Declaration, Trailwood has the sole authority to interpret and amend the Design Guidelines.
>
> 21. The use of identical brick on the home adjacent to [appellees'] home was due to [appellants'] error, and was not an authorized discretionary function as contemplated by the Declaration provisions noted in findings of fact 18 through 20 herein.

After the arbitrator signed the Award, appellants filed with the arbitrator a motion to vacate or modify the Award, and appellees filed a response that included a request for attorney's fees. On May 29, 2020, the arbitrator denied appellants' motion and denied appellees' request for attorney's fees.

---

[1] We glean this and other arbitration-related information from various attachments included in the parties' filings in the trial court. The record before us does not contain a record of the arbitration proceedings.

Appellants then filed in the trial court a petition to vacate the Award, thus initiating this lawsuit. In their petition, appellants claimed the Award exceeded the arbitrator's authority "because, pursuant to the terms of the Declaration, no one but [Trailwood] had the authority to make determinations concerning architectural control of the lots[,]" which meant, according to appellants, Trailwood's decision concerning the brick choice on adjacent homes "was not subject to review." Thus, they claimed, "countermand[ing] [Trailwood's] decision" was "outside of the [a]rbitrator's authority[,]" and the Award "exceeded the [a]rbitrator's powers and must be vacated under TEX. CIV. PRAC. & REM. CODE §§ 171.001–.098."

Appellees denied the allegations, responded in opposition to appellants' petition, and filed a counterpetition to confirm the Award.

The trial court heard appellants' petition and appellees' counterpetition on November 30, 2020. During the hearing, appellees asked the trial court to award appellees $8,874 for attorney's fees "incurred in having to respond to the petition to vacate" and citing, as support, section 12.6(d)(iii)(b) of the Declaration.[2] That section states:

> Each party shall bear its own costs and expenses and an equal share of the arbitrator's and [sic] administrative fees [f]or arbitration. Notwithstanding the foregoing, if a Party unsuccessfully contests the validity or scope of arbitration in a court of law, the non-contesting Party shall be awarded reasonable attorney's fees and expenses incurred in defending such contest. All decisions respecting the arbitrability of any Claim shall be decided by the arbitrator(s).

---

[2] Appellees' counsel described the fees as "incurred in defending in this forum, not in the arbitration."

–3–

Appellants opposed the fee request in the hearing and cited the same section of the Declaration in support of their opposition, but unlike appellees, appellants focused on the first sentence, rather than the second. As to the second sentence, appellants argued it did not apply because they were not challenging the scope of the arbitration clause. Appellees argued an award of attorney's fees would be error because a fee award "would be . . . outside of the parties' agreement."

At the conclusion of the hearing, the trial court announced its ruling to confirm the Award and stated, with respect to attorney's fees, it was granting the request "limited only to proceedings in this court of law." The court allowed appellants seven days to submit opposition to the amount of attorney's fees being requested and indicated the court would allow argument regarding reasonableness.

Seven days later, appellants filed a response in opposition to the fee request. Attached to their response was the May 29, 2020 disposition by the arbitrator which denied appellants' motion to the arbitrator to modify or vacate the Award and denied the attorneys' fees request appellees made in its response to that motion. Appellants did not submit any evidence challenging the reasonableness of the $8,874 appellees requested in attorney's fees but argued in their response that the fee testimony by appellees' counsel did not comply with *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019).

Appellees, in turn, also filed a response, again asking that the trial court award them attorney's fees under the Declaration, and attaching attorney's fee invoices and

–4–

a declaration by appellees' lead counsel authenticating the records. Counsel's declaration stated, in part:

> The total fees and expenses charged or incurred, in the amount of $6,837.50, is reasonable for the work performed through November 30, 2020. An additional $1200.00 (four hours of my time at $300.00 per hour) is reasonable for the work required to address Plaintiffs' additional briefing currently pending before the Court and the Plaintiffs' request for findings of fact and conclusions of law.

Appellees prayed in their response that the court grant their request for attorney's fees "as mandated by the Declaration, in the amount of $8,037.00." Appellees further prayed "for an award of $10,000.00 should the matter be appealed to [our Court], an additional $10,000.00 should a writ be sought from the Texas Supreme Court, and another $8,000.00 should the Texas Supreme Court accept the appeal and proceed further."

On January 12, 2021, the trial court signed an order denying appellants' petition to vacate the Award, granting appellees' counterpetition to confirm the Award, and awarding appellees attorney's fees. Among other things, the order stated appellees "shall recover from appellants, jointly and severally, attorney's fees in the amount of $8,874.00 for services rendered in defending the Petition to Vacate the Arbitration Award and confirming the award."

In its findings of fact and conclusions of law, the trial court stated, in part:

## I. FINDINGS OF FACT

5.    The parties filed competing Petitions in this Court. [Appellants] filed a Petition to Vacate the Arbitration Award and [appellees] filed a Petition to Confirm the Arbitration Award.

–5–

6.      On November 30, 2020, the Court held a hearing on the Petitions. At the hearing, [appellees'] counsel requested attorneys' fees, pursuant to Section 12.6(d)(iii)(b) of the Declaration . . . .

7.      The parties then submitted post-hearing briefing to the Court.

8.      On January 12, 2021, the Court entered its order affirming the arbitration award and awarding [appellees] $8,874.00 in attorneys' fees, which were part of the judgment and were to accrue interest at 5% per annum.

## II.  CONCLUSIONS OF LAW

3.      The Parties' arbitration agreement is governed by the Texas Arbitration Act ("TAA").

4.      [Appellants'] complaint that the arbitrator reached the wrong decision regarding the scope of the arbitration agreement and/or his own "jurisdiction" falls outside of the limited list of reasons for properly vacating an award under the TAA.

5.      The arbitrator did not "exceed" his powers, as an arbitrator's powers are determined by the agreement of the parties, and the Parties agreed to arbitration in the AAA forum under AAA rules. *Nafta Traders, Inc. v. Quinn*, 339 S.W.3d 84, 87, 95 (Tex. 2011).

6.      The arbitration agreement found in the Declaration leaves matters of arbitrability to the Arbitrator.

7.      The AAA rules gave the Arbitrator sole discretion to determine jurisdiction.

8.      The Arbitral Award entered by the [arbitrator] on April 23, 2020 is properly confirmed by this Court.

## II. ANALYSIS

Appellants do not challenge the legal or factual sufficiency of the trial court's findings. Instead, they challenge the order as a whole and argue the trial court erred in confirming the Award and awarding appellees attorney's fees.[3]

### A.    Standard of Review

Review of a trial court's decision as to vacatur or confirmation of an arbitration award is de novo and reaches to the entire record. *Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied); *see Cambridge Legacy Grp., Inc. v. Jain*, 407 S.W.3d 443, 447 (Tex. App.—Dallas 2013, pet. denied). However, "[b]ecause Texas law favors arbitration, judicial review of an arbitration award is *extraordinarily narrow*." *E. Texas Salt Water Disposal Co. v. Werline*, 307 S.W.3d 267, 271 (Tex. 2010) (emphasis added); *see Centex/Vestal*, 314 S.W.3d at 683; *CVN Grp., Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002).

---

[3] Appellants' summary of argument states, in its entirety:

> An arbitrator derives his authority from the arbitration agreement. When determining the scope of arbitration, an arbitrator and a court are required to construe the contract containing the arbitration agreement as a whole. If a particular decision is left to the sole and absolute discretion of a party, relevant case law provides that the decision is unreviewable. *La Ventana Ranch Owner's Assn v. Davis*, 363 S.W.3d 632 (Tex. App—Austin 2011, pet. denied). This limitation acts as a restriction on the scope of an arbitration agreement, and in this case, should have compelled the arbitrator to dismiss Appellees' claims.

> The Declaration and the Arbitrator both held that attorneys' fees are not recoverable in an arbitration proceeding under the Declaration. By awarding Appellees' attorneys' fees at the trial court level, the trial court not only misconstrued the Declaration, it also substituted its legal judgment for that of the Arbitrator, which exceeded the trial court's authority.

A claimed mistake of fact or law by the arbitrator in the application of substantive law is not a proper ground for vacating an award. *Centex/Vestal*, 314 S.W.3d at 683. Disputes that are committed by contract to the arbitral process almost always are won or lost before the arbitrator. *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 250 (Tex. App.—Houston [14th Dist. 2003, pet. denied). A court must confirm an arbitrator's award on application unless an opposing party establishes a ground for vacating, modifying, or correcting the award. *Centex/Vestal*, 314 S.W.3d at 683. We indulge all reasonable presumptions to uphold the arbitration award, and no presumptions are indulged against it. *See CVN Grp.*, 95 S.W.3d at 238.

A party asserting that a court should vacate or modify an arbitration award has the ultimate burden of proving grounds for vacating or modifying the award, unless the other party has assumed a traditional summary judgment burden and must negate the grounds alleged for vacating or modifying the award. *See Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 430 (Tex. App.—Dallas 2004, pet. denied).[4] A party

---

[4] In *Crossmark*, 124 S.W.3d at 430, we stated:

> [A]pplications to confirm or vacate an arbitration award should be decided as other motions in civil cases; on notice and an evidentiary hearing if necessary. Summary judgment motions are not required for the trial court to confirm, modify, or vacate an arbitration award. However, if a party chooses to follow summary judgment procedure rather than the simple motion procedure authorized by the Act, it assumes the traditional burdens and requirements of summary judgment practice. *See* TEX. R. CIV. P. 166a; *Mariner Fin. Grp., Inc. v. Bossley*, 79 S.W.3d 30, 32, 35 (Tex. 2002) (although party opposing arbitration award on grounds of evident partiality had ultimate burden of proof, proponent of award asserting traditional motion for summary judgment had burden to negate evident partiality defense as a matter of law).

seeking to vacate an arbitration award also bears the burden in the trial court of bringing forth a complete record that establishes its basis for vacating the award. *Centex/Vestal*, 314 S.W.3d at 684. The general rule is that without an arbitration transcript, we must presume the arbitration evidence adequately supported an award. *Id*.

Civil practice and remedies code section 171.088 allows a trial court to vacate an award when an arbitrator exceeds his power. *See* TEX. CIV. PRAC. & REM. CODE § 171.088(a)(3)(A) ("On application of a party, the court shall vacate an award if . . . the arbitrators . . . exceeded their powers."). An arbitrator's authority is limited to disposition of matters expressly covered by the arbitration agreement or implied by necessity, and he exceeds his power when he decides matters not properly before him. *Ancor Holdings, LLC v. Peterson, Goldman & Villani, Inc.*, 294 S.W.3d 818, 829 (Tex. App.—Dallas 2009, no pet.) (citing, in part, *Gulf Oil Corp. v. Guidry*, 327 S.W.2d 406, 408 (Tex. 1959)) (other citation omitted).[5]

## B. Alleged Error in Confirming the Award

In their first issue, appellants argue that, based on Sections 12.1 and 12.6 of the Declaration, the trial court erred in confirming the award because the arbitrator exceeded his authority in entering the Award in appellees' favor. *See* TEX. CIV.

---

[5] In *Gulf Oil*, the court stated an award was void to the extent the arbitrators "acted on matters not submitted to arbitration and which were therefore in excess of their authority." 327 S.W.2d at 408.

PRAC. & REM. CODE § 171.088(a)(3)(A) ("On application of a party, the court shall vacate an award if . . . the arbitrators . . . exceeded their powers.").

The trial court decided appellants' petition and appellees' cross-petition on notice and hearing, not through a summary judgment proceeding. Thus, appellees did not assume a traditional summary judgment burden. Appellants bore the burden of proving grounds for vacating the Award, *see Crossmark*, 124 S.W.3d at 430, and of bringing forth a complete record that establishes its basis for vacating the award. *Centex/Vestal*, 314 S.W.3d at 684.

Appellants failed to satisfy both burdens. As indicated above, appellants argue the arbitrator exceeded his authority under section 171.088 based on Sections 12.1 and 12.6 of the Declaration. Section 12.1 states, in part:

> Section 12.1 <u>Declarant[6] Rights</u>. Notwithstanding anything herein to the contrary, during the Development Period, Declarant shall have the sole right, but not the obligation, in its sole discretion, at any time, effective as of the date hereof, to facilitate the development, construction and marketing of the Property, to direct the size, shape, and composition of the development including, but not limited to, the right to control, perform and/or conduct the following:
>
>> (a) amend the Design Guidelines and the Community-Wide Standard, in whole or in part;
>>
>> (b) enforce the provisions of this Declaration;
>>
>> (c) review, determine and enforce the architectural control of the Lots; and

---

[6] Section 12.1 of the Declaration refers to certain rights maintained by "Declarant," a term defined in the Declaration as referring to Trailwood Investments LP and also certain successors. For purposes of this appeal, we assume but do not decide that each appellant is a "Declarant" as defined in the Declaration.

(d) assigns [sic] its rights and obligations under this Declaration to any entity at any time, in whole or in part.

Declarant's rights set forth above are absolute in its sole discretion and do not require the approval, consent, or joinder of (i) any Owner, (ii) the Association, (iii) the Board of Directors, or (iv) any committees or other parties which may be established with respect hereto. At such time as Declarant no longer owns a Lot within the Property, all of such rights of enforcement shall revert to the Board of Directors of the Association.

In the event any other provision in this Declaration is in contradiction to this Article XII, in whole or in part, this Article XII shall prevail.

Additionally, Section 12.6 ("Dispute Resolution Involving Declarant") states,

in part:

(c) Claims. Those Claims between any of the Bound Parties, regardless of how the same might have arisen, relating to the quality of design or construction of improvements within the Property including the Common Properties or based upon any statements, representations, promises, or warranties made by or on behalf of any Bound Party, shall be subject to the provisions of this Section 12.6.

(d) Mandatory Procedures

(iii) Binding Arbitration

(a) Upon Termination of Mediation, Claimant shall thereafter be entitled to initial final, binding arbitration of the Claim under the auspices of the AAA in accordance with the AAA's Commercial or Construction Industry Arbitration Rules, as appropriate. Such claims shall not be decided by or in a court of law. Any judgment upon the award rendered by the Arbitrator may be entered in and enforced by any court having jurisdiction over such Claim. If the claimed amount exceeds $250,000, the dispute shall be heard by three (3) arbitrators. Otherwise, unless mutually agreed to by the Parties, there shall be one (1) arbitrator. Arbitrators shall have expertise in the area(s) of dispute, which may include legal expertise if legal issues are involved.

(b) Each party shall bear its own costs and expenses and an equal share of the arbitrator's and [sic] administrative fees [f]or arbitration.

Notwithstanding the foregoing, if a Party unsuccessfully contests the validity or scope of arbitration in a court of law, the non-contesting Party shall be awarded reasonable attorney's fees and expenses incurred in defending such contest. All decisions respecting the arbitrability of any Claim shall be decided by the arbitrator(s).

(c) The award of the arbitrator(s) shall be accompanied by detailed written findings of fact and conclusions of law. Except as may be required by law or for confirmation of an award, neither a Party nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder without the prior express written consent of both Parties.

Appellants cite *La Ventana Ranch Owner's Association v. Davis*, 363 S.W.3d 632 (Tex. App.—Austin 2011, pet. denied) as primary support for their argument that the arbitrator exceeded his power in light of those sections. Like this case, *La Ventana* involved a dispute over the validity of certain variances to a declaration of covenants, conditions, and restrictions (CCRs), but unlike this case, the dispute was initially resolved by a judgment entered after a jury trial, *id.* at 635, not by an award issued by an arbitrator. In the appeal in *La Ventana*, our sister court reversed a portion of the judgment that declared invalid certain variances regarding propane tanks, noting that the architectural committee that had granted those variances had been given "sole and absolute discretion" to make the determinations necessary to grant the variances and stating, in part:

By definition, a matter of "absolute discretion" is unreviewable. . . .

[Two individuals, acting as a majority of the architectural committee] granted the variances after determining, in their "sole and absolute discretion," that the necessary conditions for granting a variance had been met. That is all that was required by the CCRs. We

–12–

therefore . . . reverse the trial court's declaration that the propane tank variances are invalid and/or void and of no force and effect.

*Id*. at 646–47.

Here, appellants argue that, because Section 12.1 of the Declaration gave them sole and absolute discretion to review, determine, and enforce questions of architectural control, their own discretion in that regard was unreviewable by the arbitrator, which thereby restricted the scope of the arbitration agreement in Section 12.6 and required the arbitrator to dismiss appellees' claims. While appellants agree "all of [a]ppellees' claims should be submitted to arbitration," they argue that, once the claims were within arbitration, appellants' "unreviewable authority to decide question[s] of architectural control" overrode the arbitrator's authority and gave him no discretion but to deny the claims, and he exceeded his power by doing otherwise.

Because we find *La Ventana* distinguishable in several important respects, to whatever extent it might support appellants' argument, we decline to apply it. First, as already noted, *La Ventana* is an appeal of a judgment following a jury trial, not an appeal of an arbitration award in which judicial review is "extraordinarily narrow." *See E. Texas Salt Water Disposal*, 307 S.W.3d at 271. Second, *La Ventana* did not involve a dispute over arbitrability of a party's claim.[7]

---

[7] At bottom, appellants' argument is rooted in a mistake of fact or law by the arbitrator—which is not a proper ground for vacating an award, *see Centex/Vestal*, 314 S.W.3d at 683—or a challenge to the arbitrability of the parties' dispute—a question the Declaration delegated solely to the arbitrator and which, had there been a dispute regarding arbitration, would have required a court to compel arbitration to decide the gateway issues the parties agreed to arbitrate. *See RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 121 (Tex. 2018) (when parties agree to arbitral delegation clauses that send gateway issues such as

–13–

Third, and perhaps most importantly, *La Ventana* involved a situation in which the group that was given sole and absolute discretion regarding architectural decisions actually exercised that discretion in granting the variances at issue in that case. *Id*. at 646–47 (stating that two individuals, acting as a majority of the architectural committee, granted the variances after determining the necessary conditions for granting a variance had been met). Such is not the case here, despite appellants' suggestions otherwise. In fact, the arbitrator specifically found, "The use of identical brick on the home adjacent to [appellees'] home was due to [appellants'] error, and was not an authorized discretionary function as contemplated by the Declaration provisions" concerning architectural control and design guidelines. Because appellants failed to provide us an arbitration transcript, we must presume the evidence adequately supported the Award. *See Centex/Vestal*, 314 S.W.3d at 684 ("The general rule is that without an arbitration transcript, we must presume the arbitration evidence adequately supported an award.").

Based on the record before us, we conclude the trial court did not err in confirming the Award because appellants did not prove the arbitrator exceeded his power under civil practice and remedies code section 171.088, when the arbitrator's actions were consistent with, and not contrary to, the Declaration. *See* TEX. CIV. PRAC. & REM. CODE § 171.088(a)(3)(A); *Ancor Holdings*, 294 S.W.3d at 829.

arbitrability to the arbitrator, court must "compel arbitration so the arbitrator may decide gateway issues the parties have agreed to arbitrate.").

We overrule appellants' first issue.

## C.    Alleged Error in Awarding Attorney's Fees

In their second issue, appellants argue the trial court erred in awarding appellees $8,874 in attorney's fees. They claim that in making that award, the trial court erred in interpreting section 12.6(d)(iii)(b) of the Declaration, which states:

> Each party shall bear its own costs and expenses and an equal share of the arbitrator's and [sic] administrative fees [f]or arbitration. Notwithstanding the foregoing, if a Party unsuccessfully contests the validity or scope of arbitration in a court of law, the non-contesting Party shall be awarded reasonable attorney's fees and expenses incurred in defending such contest. All decisions respecting the arbitrability of any Claim shall be decided by the arbitrator(s).

Appellants argue the trial court erred in interpreting this provision because they contested neither the scope nor the validity of arbitration in this lawsuit and because the trial court altered the Award by disregarding the arbitrator's denial of appellees' attorney's fees request. We disagree.

First, despite their insistence otherwise, the record reflects appellants "unsuccessfully contest[ed] the validity or scope of arbitration in a court of law," and the Declaration thus supports the trial court's decision to award attorney's fees to appellees for the proceedings in the trial court. Appellants' insistence that they are not contesting the validity or scope of arbitration is belied not only by their summary of argument on appeal—which states, in part, "This limitation acts as a restriction *on the scope of an arbitration agreement, and . . . should have compelled the arbitrator to dismiss* Appellees' claims" (emphasis added)—but also by the

–15–

filing of their lawsuit and their counsel's argument to the trial court likening the issue to a question of subject matter jurisdiction.[8]

Second, appellants' argument that the trial court altered the arbitrator's Award with regard to attorney's fees is based upon the faulty premise that the arbitrator and the trial court reached different decisions on the same question. They didn't. Only the trial court was asked to award attorney's fees "incurred in defending in [the trial court], not in the arbitration." Considering that the parties were not yet even in the trial court when appellees first requested fees, appellees did not make (and could not have made) any such request to the arbitrator. Thus, the trial court's decision to award fees did not alter the arbitrator's prior decision to deny them because the trial court did not decide the same type of fee request as the arbitrator.

Third, while appellants suggest the trial court erred in awarding fees because the arbitrator "impliedly determined that [a]ppellants were not challenging the scope or validity of the arbitration," the record does not support the implication. Appellants miss an obvious point: the Declaration's fee award provision depends

---

[8] In the hearing in the trial court, counsel stated, in part:

[T]he CCRs define what is subject to arbitration, and pursuant to this provision 12.1, these particular provisions are outside of the review of arbitration; so, therefore, the arbitrator exceeded his authority by making decisions related to this particular issue. It's not a question . . . that he misapplied the law . . . . it's akin to subject matter jurisdiction, and that has to be decided first.

. . . . Whenever there's an absolute discretion issue, it simply means it's outside of judicial arbitrable review. And so the contract itself, the CCRs, have limited what the arbitrator can look at and can decide on, and because he went past that, it's something that the Court has to decide, hey, he exceeded his power in doing that.

–16–

entirely upon a party contesting the validity or scope of arbitration "*in a court of law*" (emphasis added).[9] Because the arbitration proceeding was not "in a court of law," the Declaration did not provide a basis for an attorney's fees award in arbitration, regardless of whether appellants were contesting the validity or scope of arbitration. Thus, in deciding appellees' request for fees, the arbitrator had no need to consider whether appellants were challenging the scope or validity of the arbitration, because even if they were, they were not doing so in a court of law.

Thus, contrary to appellants' suggestion otherwise, no inconsistency exists between the arbitrator's denial of appellees' request for attorney's fees and the trial court's decision to grant it. The Declaration provides that both sides bear their own costs and expenses but states that, "notwithstanding" that provision, "if a Party unsuccessfully contests the validity or scope of arbitration *in a court of law*, the non-contesting Party shall be awarded reasonable attorney's fees and expenses incurred in defending such contest" (emphasis added). That language did not apply while the case was pending before the arbitrator, but once the trial court ruled in appellees' favor, it applied in the trial court.

Based on the record before us, we conclude the trial court did not err in awarding appellees' attorney's fees. We overrule appellants' second issue.

---

[9] The Declaration allows an award of reasonable attorney's fees and expenses to the non-contesting party "if a Party unsuccessfully contests the validity or scope of arbitration in a court of law."

**D.  Appellees' Request for Attorneys' Fees on Appeal**

Even though neither party has challenged on appeal the amount of attorney's fees awarded appellees by the trial court, we discuss below the amounts sought and awarded because they relate to a request in appellees' appellate brief that we award them attorney's fees in connection with this appeal.

In the hearing on appellants' petition and appellees' counterpetition, appellees requested $8,874 in attorney's fees in connection with the trial court proceedings. After the hearing, appellees submitted a response with a declaration from their lead counsel and related invoices.  In their response, appellees prayed that the court grant their request for attorney's fees "as mandated by the Declaration, in the amount of $8,037" and that the trial court award them certain attorney's fees awards in connection with any appeal.[10]

In its order confirming the Award, the trial court awarded appellees attorney's fees of $8,847 "for services rendered in defending the Petition to Vacate Arbitration Award and confirming the award."  The order did not explicitly address appellees' request for attorney's fees in connection with any appeal but stated, "All other relief not expressly granted in this judgment is denied."

Although Section 12.6(d)(iii)(b) of the Declaration would appear to support an award of appellate attorney's fees to appellees, based on the circumstances before

---

[10] Specifically, appellees prayed "for an award of $10,000.00 should the matter be appealed to [our Court], an additional $10,000.00 should a writ be sought from the Texas Supreme Court, and another $8,000.00 should the Texas Supreme Court accept the appeal and proceed further."

–18–

us, we decline to award appellees attorneys' fees for this appeal, both because appellees failed to appeal the trial court's implied denial of their request for such fees below and because we may only award a prevailing party just damages—which may include appellate attorney's fees—if we determine an appeal is frivolous, an issue appellees have not argued and have not presented to us for review. *See* TEX. R. APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal."); TEX. R. APP. P. 45.[11]

## III. CONCLUSION

We affirm the trial court's January 12, 2021 order confirming the arbitral award.

<table>
<tr><td>210156f.p05</td><td>/Ken Molberg/<br>KEN MOLBERG<br>JUSTICE</td></tr>
</table>

---

[11] Texas Rule of Appellate Procedure 45 states:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response— award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

In *Solares v. Solares*, 232 S.W.3d 873, 883 (Tex. App.—Dallas 2007, no pet.), we stated:

> Under rule 45, we may award "just damages" to a prevailing party in an appeal if we determine it is frivolous after considering the record, briefs, or other papers filed. Recovery is authorized if an appeal is objectively frivolous and injures an appellee. *In re A.W.P.*, 200 S.W.3d 242, 245 (Tex. App.—Dallas 2006, no pet.). An appeal is frivolous if when it is brought there were no reasonable grounds to believe the judgment would be reversed or when it is pursued in bad faith.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZENA LAND DEVELOPMENT LP
AND TRAILWOOD
INVESTMENTS LP, Appellants

No. 05-21-00156-CV          V.

CONNER LEE EDWARDS AND
ROBIN BOONE, Appellees

On Appeal from the 162nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-11829.
Opinion delivered by Justice
Molberg. Justices Schenck and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the trial court's January 12, 2021 order confirming the arbitral award is **AFFIRMED**.

It is **ORDERED** that appellees CONNER LEE EDWARDS AND ROBIN BOONE recover their costs of this appeal from appellants ZENA LAND DEVELOPMENT LP AND TRAILWOOD INVESTMENTS LP.

Judgment entered this 15th day of December 2022.